ATTORNEY DISCIPLINARY PROCEEDINGS
|1PER CURIAM. *
This attorney disciplinary proceeding arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Laurence D. Rudman, an attorney licensed to practice law in the State of Louisiana. The charges allege respondent failed to pursue two of his clients’ cases, failed to communicate with those clients, and failed to return an unearned fee to a client. In addition, respondent failed to cooperate with the ODC’s investigation in these matters.
UNDERLYING FACTS
On July 8, 1995, Eula M. Beckwith retained respondent to quiet title on five pieces of property. Ms. Beckwith paid respondent $1,000 as a retainer. Thereafter, respondent failed to communicate with his client, and as a result, Ms. Beckwith formally requested a refund of her retainer on October 15, 1996. Respondent did not reply. In December of 1996, Ms. Beck-with wrote a second letter to respondent, again requesting a refund. Ms. Beckwith subsequently hired" another attorney to handle the matter for her. Respondent never performed any work on Ms. Beck-with’s behalf.
Ms. Beckwith filed a complaint with the ODC on March 7, 1997. On March 18, 1997, the ODC mailed respondent a certified letter containing a copy of the complaint, for which respondent personally signed the certified mail receipt. However, respondent failed to reply. Accordingly, the ODC issued a subpoena on June 16, 1997, requesting respondent’s appearance on June 26, 1997, to give a sworn statement. Respondent appeared and admitted under oath that he performed no activity for Ms. Beckwith. He also admitted to his failure to cooperate with the ODC. Further, respondent indicated he has suffered from depression since he left his law firm in 1995 and ^became a solo practitioner. Respondent agreed to return Ms. Beck-with’s retainer within ten days, but respondent never did so.
In a separate matter, Charlestine Swift retained respondent in 1994 to investigate the wrongful death of her sister. Ms. Swift attempted to communicate with respondent to ascertain the status of her case without success. Consequently, Ms. Swift searched the court records, where she discovered respondent never filed her lawsuit. Ms. Swift attempted to contact respondent on several occasions to no avail.
On February 10, 1998, Ms. Swift filed a complaint with the ODC. The ODC then mailed a certified letter to respondent containing the allegations. Respondent personally signed the return receipt but failed to reply to the complaint. The ODC served a subpoena upon respondent on *538 April 8, 1998 to appear on April 15, 1998. Respondent did not appear.[1]
DISCIPLINARY PROCEEDINGS

Formal Charges

The ODC filed foui counts of formal charges against respondent, alleging several violations of the Rules of Professional Conduct in connection with both the Beck-with and Swift matters.[2] Although the hearing committee gave the parties time to file written arguments and documentary-evidence on the issue of sanctions, respondent did not submit any evidence. Accordingly, the matter was considered based-upon the documentary evidence the ODC submitted.

Hearing Committee Recommendation

The hearing committee concluded respondent’s conduct violated Rules 1.3, 1.4, 1.5, 1.15, and 8.4(c) and (g) with regard to the Beckwith matter and Rules 1.3, 1.4, and 8.4(c) and (g) |3with regard to the Swift matter. Referring to the ABA’s Standards for Imposing Lawyer Sanctions, the committee found the baseline sanction for respondent’s misconduct is suspension.[3]
The committee found several aggravating factors, including: (a) pattern of misconduct; (b) multiple offenses; (c) obstruction of disciplinary investigation; (d) refusal to acknowledge the wrongful nature of the conduct; (e) vulnerability of the victims; and (f) no restitution. Based on respondent’s sworn statement given in response to the subpoena issued in relation to the Beckwith charges, the committee found respondent did not seem to acknowledge the wrongful nature of his conduct, both in failing to pursue Ms. Beckwith’s complaint and in failing to cooperate with the ODC’s investigation. As mitigating factors, the committee recognized respondent’s lack of a prior disciplinary record and his claim that he suffers from depression.
Considering the evidence presented, along with the aggravating and mitigating factors, the committee recommended that respondent be suspended from the practice of law for one year, assessed with the costs and expenses of the disciplinary proceedings, and that he be ordered to provide restitution to Ms. Beckwith prior to reinstatement. The committee noted that because no restitution may be provided to Ms. Swift, it hoped she would obtain legal advice as to any other remedies she may have.

Disciplinary Board Recommendation

The disciplinary board concurred in the findings of the hearing committee, finding respondent guilty of the misconduct set forth in the formal charges and that the charges were proved by clear and convincing evidence. The board also agreed with the aggravating and mitigating factors the committee found.
*539 Accordingly, the board recommended that respondent be suspended from the practice of law for one year. However, as a condition of his suspension, the board recommended that respondent be ordered to seek professional assistance to deal with his depression, and that he provide proof of a proper mental state to practice law upon reinstatement. The board further recommended that respondent be ordered to pay restitution in the amount of $1000 to Ms. Beckwith, and that he |4be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
DISCUSSION
The record supports the findings of the hearing committee and disciplinary board that respondent neglected the cases of two clients and failed to return an unearned fee to one of these clients. While respondent attempted to raise the issue of his depression as a defense, he failed to submit any evidence to support his assertions, nor did he cooperate in the disciplinary proceedings in this matter. Based on these factors, we conclude that the one year suspension recommended by the disciplinary board is appropriate.[4]
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is the decision of the court that respondent, Laurence D. Rudman, be suspended from the practice of law for a period of one year. Respondent is further ordered to make restitution to Ms. Beck-with. All costs and expenses incurred in these proceedings are assessed to respondent pursuant to Supreme Court Rule XIX, § 10.1.
VICTORY, J. not on panel.
TRAYLOR and KNOLL, JJ. dissent from the order and would impose greater discipline.

 Victory, J. not on panel. Rule IV, Part II, § 3.

. However, respondent sent a letter on that date to the ODC indicating: "I am unable to deal with the stress of responding to the subpoena issued for my appearance today. I am leaving the City for a few days and will call you immediately upon my return, early next week, to reschedule my response to the subpoena. I hope that you will hold this matter in abeyance until then.” Respondent never followed through with his promise of a response.

. Rule 1.3 (lack of reasonable diligence in representing a client); Rule 1.4 (failure to communicate with a client); Rule 1.5 (failure to return an unearned fee); Rule 1.15 (failure to safely keep client’s property separate from the attorney’s own property); Rule 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(g) (failing to cooperate with the Committee on Professional Responsibility in its investigation of alleged misconduct).

.Standard 4.42 suggests suspension is appropriate when a lawyer knowingly fails to perform services for a client and it causes injury or potential injury to a client; Standard 4.12 suggests that suspension is appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client.

. Based on the scant evidence in the record concerning respondent’s depression, we decline to order mental health counseling, as suggested by the disciplinary board. However, in the event the ODC receives further information regarding respondent's mental state, it may initiate appropriate proceedings under Rule XIX, § 22.