[ .ATTORNEY. DISCIPLINARY PROCEEDINGS.
PER CURIAM.*
This matter arises from a petition for consent discipline filed by respondent, *1281 Laurence D. Rudman, an attorney licensed to practice law in the State of Louisiana.
UNDERLYING FACTS

Macaluso Matter

In 1996, Karen Macaluso retained respondent to handle various legal matters on her behalf, including a debt collection matter. Respondent neglected the debt collection matter, failed to communicate with his client, and misplaced her file. Respondent also failed to timely reply to the complaint Ms. Macaluso filed with the ODC.

Unauthorized Practice of Law Matter

On June 25, 1999, respondent was suspended by this court for one year for misconduct involving neglect of legal matters, failure to communicate with clients, failure to return an unearned fee, and failure to cooperate with the ODC in its investigation. In re: Rudman, 99-1037 (La.6/25/99), 738 So.2d 537. During the period of his suspension from the practice of law, respondent was prohibited by La. |2R.S. 35:14[1] from acting as a notary, but he nonetheless did so for several former clients.
DISCIPLINARY PROCEEDINGS
The ODC conducted an investigation into both the Macaluso matter and the unauthorized practice of law matter. However, prior to the institution of formal charges by the ODC, respondent filed a petition for consent discipline. In that petition, he admitted his conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.4 (failure to communicate with a client), 1.15 (safekeeping property of clients or third persons), 3.2 (failure to make reasonable efforts to expedite litigation), 5.5 (engaging in the unauthorized practice of law), 8.1(c) (failure to cooperate with the ODC in its investigation), and 8.4(g) (failure to cooperate with the ODC in its investigation). For his misconduct, respondent proposed that he be suspended from the practice of law for one year and one day, with all but ninety days deferred, followed by one year of supervised probation with conditions.[2]
pin a stipulation of facts submitted with the petition for consent discipline, respondent set forth several mitigating factors. He stated that he has undergone treatment twice in the past year for cancer and that since 1996 and until recently, he has suffered from untreated clinical depression. He further stated that his father *1282 became ill in 1999 and has subsequently died. With regard to the Macaluso matter, he noted his neglect and failure to communicate stemmed from the depression problems, which were at the heart of his 1999 disciplinary proceedings. As to the unauthorized practice of law matter, respondent stated his practice has been closed since July 1999, and that he was “not aware of his inability to act as a notary.” Finally, respondent stated that he fully cooperated with the ODC in its investigation after “an initial reluctance due to personal problems.”
The ODC concurred in the petition. The ODC recognized that respondent was previously disciplined by this court in 1999 for actions which took place contemporaneous with his conduct in the Macaluso matter. It also concluded that respondent’s actions as a notary “do not appear to be an intentional attempt by him to practice law.”

Disciplinary Board Recommendation

In its report, the disciplinary board found that respondent violated duties owed to his client and the legal system, as well as duties owed as a professional. The board found that respondent’s misconduct in the Macaluso matter and in failing to cooperate with the ODC in its investigation was knowing, if not intentional, and that his actions |4in a notarial capacity while suspended from the practice of law were negligent. The board found respondent’s misconduct caused potential serious injury to his client and actual harm to the legal profession.
After reviewing the record, the board determined that two aggravating factors are present, namely respondent’s prior disciplinary record and his substantial experience in the practice of law (admitted 1960). The board found no mitigating factors were present. In particular, the board refused to give any weight to respondent’s assertion that his personal and emotional problems should be considered in mitigation, citing a lack of support in the record for such a finding and an absence of “direct causation between the alleged physical disability or the alleged mental disability and Respondent’s misconduct.”
Relying on the ABA’s Standards for Imposing Lawyer Sanctions[3] and jurisprudence from this court, the board concluded the proposed consent discipline is appropriate. Accordingly, the board recommended respondent be suspended from the practice of law for one year and one day, with all but ninety days deferred, followed by one year of supervised probation subject to the conditions proposed in the petition for consent discipline.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
| ^DISCUSSION
Although this matter arises from a petition for consent discipline, Supreme Court Rule XIX, § 20(B) provides that the extent of discipline to be imposed is subject to review. In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, pro *1283 tect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
With regard to the Macaluso matter, we note respondent’s misconduct occurred within the same general time frame as the misconduct forming the basis for his suspension in In re: Rudman, 99-1037 (La.6/25/99), 738 So.2d 537. We have held that when a second disciplinary proceeding against an attorney involves misconduct which occurred during the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously. Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470, 471 n. 2 (La.1991). Had an extra count of misconduct been present at the time we considered respondent’s initial disciplinary matter, it is likely we would have imposed a greater sanction at that time. Combined with the allegations that respondent engaged in the unauthorized practice of law, it is clear some period of actual suspension is warranted.
As in our previous decision, we are not inclined to treat respondent’s alleged depression as a mitigating factor, in the absence of any supporting evidence.[4] | fiHowever, we will accept respondent’s assertion that he was undergoing some personal problems as well as health problems at the time of the misconduct.
Based on these factors, we find the proposed consent discipline is appropriate under the circumstances. Accordingly, we will accept the petition for consent discipline.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that Laurence D. Rudman be suspended from the practice of law for one year and one day. All but ninety days of said suspension shall be deferred, subject to a one-year period of supervised probation governed by the conditions set forth in the petition for consent discipline. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision.

.La. R.S. 35:14 provides:
Any attorney at law, or person who was an attorney at law, who is disbarred or suspended from the practice of law due to charges filed by the Committee on Professional Responsibility of the Louisiana State Bar Association or who has consented to disbarment shall not be qualified or eligible nor shall he exercise any functions as a notary public in any parish of the state of Louisiana as long as he remains disbarred or suspended from the practice of law in Louisiana. Provided, however, that nothing in this Section shall apply to any action taken against an attorney at law for failure to pay annual dues.

.Respondent proposed the following conditions:
1. Respondent shall respond to all reasonable requests of his probation monitor.
2. Respondent must enter into a modified contract with the Lawyer's Assistance Program during the time of probation.
3. Respondent agrees that any violation of any terms or conditions set forth shall result in a summary revocation of probation and the immediate imposition of the remaining period of suspension deferred.
4. If respondent's probation is violated, any request for reinstatement must be accompanied by a report of a psychological evaluation demonstrating that respondent is fit to resume the practice of law.

. Standard 4.42 provides that suspension is generally appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; Standard 7.2 provides that suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system; and Standard 7.3 provides that a reprimand is generally appropriate when a lawyer negligently engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system.

. In our prior opinion, we stated: ''[w]hile respondent attempted to raise the issue of his depression as a defense, he failed to submit any evidence to support his assertions...."