*870 ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM. *
This matter arises from a petition for consent discipline filed by respondent, Douglas C. Ellis, an attorney licensed to practice law in the State of Louisiana but currently under suspension.
UNDERLYING FACTS
Respondent was suspended from the practice of law for a period of- three years, with all but one year and one day deferred, effective June 26, 1998. In re: Ellis, 98-0078 (La.5/1/98), 710 So.2d 794.[1] During this period of suspension, respondent admits to two instances of unauthorized practice of law. Specifically, respondent states he has negligently failed to remove from his office any designation that he is an “attorney at law,” including his office sign, his law license, and other indicia of an attorney in good standing, potentially leading the public to believe that he is eligible to practice law. Secondly, respondent admits that he has acted as a notary in drafting two acts of sale, and that he collected a fee for this work.[2]
DISCIPLINARY PROCEEDINGS
Prior to the filing of formal charges, respondent filed a petition for consent discipline, proposing that he be suspended from the practice of law for a period of ninety days, to be added to his current period of actual suspension. The ODC concurred in the petition.
| disciplinary Board Recommendation
The disciplinary board concluded respondent has admitted that he engaged in negligent misconduct. The board found that respondent breached duties owed to the legal system, the profession, and the public. The only aggravating factor it found was prior misconduct. As mitigating factors, it recognized respondent’s absence of selfish motive and his cooperation with the ODC.
Accordingly, the board recommended respondent be suspended from the practice of law for ninety days, to be added to his current period of actual suspension. The board further recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
DISCUSSION
Respondent has acknowledged that he engaged in conduct which could have misled the public into believing he was an attorney in good standing during the period of his suspension from the practice of law. The proposed consent discipline is appropriate under the circumstances.
Accordingly, we hereby adopt the findings and recommendation of the board and accept the consent discipline.
*871 DECREE
Upon review of the findings and recommendations of the disciplinary board, the petition for consent discipline, and the record filed herein, it is the decision of the court that the petition for consent discipline be accepted.
Accordingly, it is ordered that Douglas C. Ellis be suspended from the practice of law for ninety days, to be added to his current period of actual suspension. All costs and expenses of these proceedings are assessed to respondent in accordance 'with Supreme Court Rule XIX, § 10.1, with legal interest to commence running thirty days from the date of finality of judgment until paid,

 Kimball, J. not on panel. Rule IV, Part II, § 3.

. Respondent’s misconduct involved preparing falsified court documents in order to mislead his client.

. See La. R.S. 35:14, which provides:
Any attorney at law, or person who was an attorney at law, who is disbarred or suspended from the practice of law due to charges filed by the Committee on Professional Responsibility of the Louisiana State Bar Association or who has consented to disbarment shall not be qualified or eligible nor shall he exercise any functions as a notary public in any parish of the state of Louisiana as long as he remains disbarred or suspended from the practice of law in Louisiana. Provided, however, that nothing in this Section shall apply to any action taken against an attorney at law for failure to pay annual dues.