ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.
This attorney disciplinary proceeding arises from two counts of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Audwin L. Jackson, an attorney licensed to practice law in the State of Louisiana but currently suspended.
UNDERLYING FACTS
In 1995, this court suspended respondent from the practice of law for a period of two years. In re: Jackson, 94-2261 (La.9/15/95), 660 So.2d 838.[1] Upon completion of the suspension, respondent filed a petition for reinstatement pursuant to Supreme Court Rule XIX, § 24. This court transferred the matter to the disciplinary board for its consideration. In re: Jackson, 98-1280 (La.6/19/98), 719 So.2d 482.
While the petition for reinstatement was pending, respondent worked as a paralegal for attorney Lindsey J. Scott. In February 2000, Mr. Scott became ill and asked respondent to sit in for him during the deposition of his client, Reginald Lewis. At the deposition, respondent was listed as appearing for Mr. Lewis. At no time during the course of the deposition did respondent indicate he was not licensed to practice. However, he did not ask any questions during this deposition.
|2One month later, in March 2000, respondent, while working as a paralegal for attorney Edselle K. Cunningham, volunteered to sit in the deposition of Mr. Cun *1081 ningham’s client Priscilla Jarrell. At this deposition, respondent is listed as appearing on behalf of Ms. Jarrell in his capacity as “attorney at law.” At no time during the deposition did respondent indicate he was currently suspended from practice. Unlike the earlier deposition, respondent asked several questions of the deponent.
DISCIPLINARY PROCEEDINGS
After investigation, the ODC filed two counts of formal charges against respondent based on the Lewis and Jarrell matters, respectively. Both counts alleged respondent violated Rules 5.5(a) (engaging in the unauthorized practice of law), 8.4(a) (violating the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving deceit, dishonesty, fraud, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct. Respondent filed an answer to the formal charges denying any misconduct on his part.
In lieu of a formal hearing in the matter, the parties entered into a joint stipulation of facts and submitted the matter on documentary evidence. The parties recognized multiple offenses and respondent’s prior disciplinary record as aggravating factors. In mitigation, they noted absence of dishonest or selfish motive, full and free disclosure and cooperation in the disciplinary process, imposition of other penalties or sanctions (i.e., withdrawal of petition for reinstatement), and remorse.
| aRecommendation of the Hearing Committee
The hearing committee concluded respondent engaged in the unauthorized practice of law, in violation of Rules 5.5 and 8.4. The committee found respondent’s conduct was knowing, resulting in potential injury to the deponents, the public and the legal system. Relying on Standard 7.2 of the ABA’s Standards for Imposing Laivyer Sanctions,[2] the committee recommended respondent be suspended from the practice of law for a period of 180 days. It further proposed the suspension run consecutive to the one-year period of delay required before respondent could seek reinstatement.[3]

Recommendation of the Disciplinary Board

The disciplinary board concurred in the findings of fact of the hearing committee. In addressing the issue of sanctions, the board found respondent violated duties owed to the clients of opposing counsel subject of the depositions, the legal system and to the profession. It concluded his conduct was knowing, resulting in actual injury in that the depositions taken were faulty and could affect their use in subsequent legal proceedings.
The board accepted the ABA Standard and aggravating and mitigating factors cited by the hearing committee. While it adopted the committee’s proposed sanction of a 180-day suspension, it proposed the period of suspension be fully deferred. In support of the deferral, the board noted almost two years had passed since respon *1082 dent | ¿withdrew his petition for reinstatement, during which time respondent has remained suspended from practice.
One board member dissented as to the leniency of the proposed sanction, finding respondent’s actions to be a “mockery of the disciplinary process.”
The ODC filed an objection to the leniency of the board’s proposed sanction. Based on such, the matter was docketed for briefing and argument in accordance with Supreme Court Rule XIX, § 11(G).
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343, 348; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444, 445 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
The evidence in the record demonstrates respondent engaged in the unauthorized practice of law in both the Lewis and Jarrell matters. In both matters, respondent implied he was authorized to practice law, and at no time informed the court reporter or the opposing counsel that he was suspended from practice. Moreover, in the Jarrell matter, respondent acted as an attorney by asking questions of the person being deposed.
| ¡^Having found evidence of professional misconduct, the sole issue presented for our consideration is the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The unauthorized practice of law by a suspended or disbarred attorney is very serious misconduct. Our legislature has made it a felony to engage in such conduct. La. R.S. 37:213. Likewise, we have listed the unauthorized practice of law by a suspended or disbarred attorney as a possible ground for permanent disbarment under the Guidelines Depicting Conduct Which Might Warrant Permanent Disbarment contained in Appendix E to Supreme Court Rule XIX.[4]
In general, when the attorney has manifested a conscious intent to flout the authority of this court by practicing after being prohibited from doing so, we have not hesitated to impose disbarment. See, e.g., In re: Jones, 99-1036 (La.10/19/99), 747 So.2d 1081 (attorney disbarred for engaging in the unauthorized practice of law on four occasions, after being suspended in *1083 the past for similar misconduct). However, not all instances of the unauthorized practice of law warrant the most severe sanction. For example, in In re: Ellis, 99-2483 (La.9/15/99), 742 So.2d 869, we imposed a |fininety-day suspension on a previously suspended attorney who failed to remove the “attorney at law” designation from his office. See also In re: Withers, 99-2951 (La.11/19/99), 747 So.2d 514 (attorney suspended for six months, followed by an eighteen-month period of probation, for representing a client while ineligible to do so).
The instant case falls somewhere between those two extremes. There is no indication from the record that respondent consciously attempted to practice law in blatant disregard of the orders of the court; on the other hand, it appears respondent’s actions were more deliberate and far-reaching than the actions of the respondent in Ellis.
Under these circumstances, we find the appropriate baseline sanction is a two-year period of suspension. However, in light of the mitigating factors, particularly respondent’s lack of a selfish motive, we will defer all but one year and one day of the suspension, subject to the provision that if and when respondent applies for and is granted reinstatement, he be placed on supervised probation for a period of one year.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is ordered that Audwin L. Jackson be suspended from the practice of law for a period of two years. It is further ordered that all but one year and one day of this suspension shall be deferred. If and when respondent applies for and is granted reinstatement to the practice of law, he shall be placed on supervised probation for a period of one year. Any misconduct during that time will be grounds for making the deferred portion of the suspension ex-ecutory. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal |7interest to commence thirty days from the date of finality of this court’s judgment until paid.

. These charges stemmed from respondent's conviction of two counts of knowingly making false official statements and two counts of wrongfully using controlled dangerous substances in violation of the Uniform Code of Militaiy Justice. At the time of the misconduct, respondent was serving on active duty as an attorney in the United States Navy Reserve.

. Standard 7.2 provides suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes serious or potentially serious injury to a client, the public, or the legal system.

. Respondent had previously filed an application for reinstatement, but withdrew the application in July 2000. Under Supreme Court Rule XIX, § 24(1), respondent could not have filed a new application until one year had passed. However, that delay had already expired at the time the hearing committee rendered its report in September 2001. As a result, the committee essentially recommended a retroactive period of suspension.

. Guideline 8 of Appendix E provides:
Following notice, engaging in the unauthorized practice of law subsequent to resigning from the Bar Association, or during the period of time in which the lawyer is suspended from the practice of law or disbarred.