ATTORNEY DISCIPLINARY PROCEEDINGS.
hPER CURIAM.
The Office of Disciplinary Counsel (“ODC”) commenced an investigation into allegations of serious attorney misconduct by ■ respondent, Edwin Jerome Wilson. Specifically, the ODC’s investigation revealed that respondent failed to act with reasonable diligence, failed to communicate with clients, failed to timely remit *548 funds owed to clients and third parties, converted substantial amounts of client and third party funds to his own use, failed to properly withdraw from his representation of his clients and failed to protect the interests of his clients. Additionally, the investigation revealed respondent improperly shared fees with a suspended lawyer and facilitated the unauthorized practice of law by that lawyer. The investigation also showed respondent engaged in the unauthorized practice of law following his interim suspension by this court in In re: Wilson, 04-0861 (La.4/21/04), 871 So.2d 1090.
Prior to the filing of formal charges, respondent and the ODC submitted a joint petition for consent discipline. The parties stipulate to respondent’s misconduct and seek his permanent disbarment from the practice of law.
Based on our review of the petition, we conclude respondent has engaged in some of the most serious professional infractions an attorney can commit. At least two of the permanent disbarment guidelines set forth in Rule XIX, Appendix E are applicable: Guideline 1 (“repeated or multiple instances of intentional conversion of client funds with substantial harm”) and Guideline 8 (“following notice, engaging in the | ^unauthorized practice of law ... during the period of time in which the lawyer is suspended from the practice of law or disbarred”).
Accordingly, we find permanent disbarment is an appropriate sanction and we will accept the petition for consent discipline.
DECREE
IT IS ORDERED that the Joint Petition for Consent Discipline be accepted and that the name of Edwin Jerome Wilson, Louisiana Bar Roll number 24253, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state.
IT IS FURTHER ORDERED that all costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.