976 So.2d 1261 (2008)
In re Earl T. LINDSAY, Jr.
No. 2007-B-1813.
Supreme Court of Louisiana.
March 7, 2008.

*1262 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Earl T. Lindsay, Jr., a disbarred attorney.

UNDERLYING FACTS
Respondent was disbarred by this court on December 11, 1989.[1]Louisiana State Bar Ass'n v. Lindsay, 553 So.2d 807 (La. 1989). He has not applied for readmission to the bar since that time.
Between April 1991 and May 2005, respondent appeared as defense counsel in forty-five traffic cases pending in the First and Second Parish Courts in Jefferson Parish, Louisiana. Based on its investigation of these matters, the ODC filed formal charges against respondent, alleging that his conduct violated the following provisions of the Rules of Professional Conduct: Rules 5.5(a) (engaging in the unauthorized practice of law), 8.4(b) (commission of a criminal act reflecting adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer),[2] 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice).

DISCIPLINARY PROCEEDINGS
Respondent answered the formal charges, admitting to the allegations and requesting a hearing in mitigation. Despite adequate notice, respondent failed to appear at the hearing.

Hearing Committee Report
After considering the evidence and testimony presented at the hearing, the hearing committee found the ODC presented clear and convincing evidence that respondent violated the Rules of Professional Conduct as alleged in the formal charges. For his intentional misconduct, the committee recommended that respondent be permanently disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee's recommendation.

Disciplinary Board Recommendation
After review of the record, the disciplinary board found no manifest error in the hearing committee's findings, and agreed that respondent violated the Rules of Professional Conduct as set forth in the formal charges. The board found that respondent intentionally engaged in the practice of law in violation of duties owed to the public, the legal system, and the legal profession. The evidence shows that numerous clients, courts, and attorneys were deceived by respondent stemming from his *1263 unauthorized representation of clients over a period of fourteen years.
The board found the following aggravating factors present: prior disciplinary offenses, dishonest or selfish motive, a pattern of misconduct, multiple offenses, vulnerability of the victims, substantial experience in the practice of law (admitted 1978), and illegal conduct. No mitigating factors were found by the board.
Based on these findings and this court's prior jurisprudence, the board adopted the committee's recommended sanction of permanent disbarment, and further recommended that respondent be assessed with all costs of these proceedings.
Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation.

DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343, 348; Louisiana State Bar Ass'n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee's factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
The record in this matter supports the factual findings of the hearing committee and the disciplinary board. Clearly, respondent violated the Rules of Professional Conduct by knowingly and intentionally practicing law after his disbarment.
Having found professional misconduct, we now turn to a discussion of an appropriate sanction. In considering that issue, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis, 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington, 459 So.2d 520 (La.1984).
It is well settled that the unauthorized practice of law by a suspended or disbarred attorney is very serious misconduct. In re: Jackson, 02-3062 (La.4/9/03), 843 So.2d 1079. In general, when the attorney has manifested a conscious intent to flout the authority of this court by practicing after being prohibited from doing so, we have not hesitated to impose disbarment. See, e.g., In re: Jones, 99-1036 (La.10/19/99), 747 So.2d 1081 (attorney disbarred for engaging in the unauthorized practice of law on four occasions, after being suspended in the past for similar misconduct).
In the instant case, the sheer number of instances of unauthorized practice of law over a lengthy period of time illustrates that respondent has made a conscious decision to practice law despite the revocation of his license by this court. Numerous aggravating factors are present, including prior disciplinary offenses, dishonest or selfish motive, a pattern of misconduct, multiple offenses, vulnerability of the victims, substantial experience in the practice of law, and illegal conduct. We are unable to discern any mitigating factors from the record. Unquestionably, therefore, respondent's *1264 misconduct warrants disbarment.
The sole remaining issue presented for our consideration is whether respondent's conduct is so egregious that this disbarment should be made permanent. In Appendix E to Supreme Court Rule XIX, we set forth guidelines illustrating the types of conduct which might result in permanent disbarment. While these guidelines are not intended to bind this court in its decision-making process, they present useful information concerning the types of conduct we might consider worthy of permanent disbarment. See In re: Yaeger, 05-0035 (La.3/18/05), 897 So.2d 571.
For purposes of the instant case, Guidelines 8 and 9 are relevant. Those guidelines detail the following conduct:
GUIDELINE 8. Following notice, engaging in the unauthorized practice of law subsequent to resigning from the Bar Association, or during the period of time in which the lawyer is suspended from the practice of law or disbarred.
GUIDELINE 9. Instances of serious attorney misconduct or conviction of a serious crime, when the misconduct or conviction is preceded by suspension or disbarment for prior instances of serious attorney misconduct or conviction of a serious crime. Serious crime is defined in Rule XIX, Section 19. Serious attorney misconduct is defined for purposes of these guidelines as any misconduct which results in a suspension of more than one year.
Guideline 8 is clearly implicated by respondent's failure to cease the practice of law after he was disbarred in 1989. Likewise, Guideline 9 is applicable, as respondent's unauthorized practice of law is serious attorney misconduct which was preceded by his disbarment for prior instances of serious attorney misconduct.
Considering these guidelines together with the indisputable evidence of respondent's fundamental lack of moral character and fitness, we can conceive of no circumstance under which we would ever grant readmission to respondent. See In re: Jefferson, 04-0239 (La.6/18/04), 878 So.2d 503. Accordingly, we will accept the disciplinary board's recommendation and permanently disbar respondent.

DECREE
Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and considering the record, it is ordered that the name of Earl Thomas Lindsay, Jr., Louisiana Bar Roll number 8579, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
NOTES
[1] The charges for which respondent was disciplined involved numerous instances of serious misconduct, including commingling and conversion of client funds.
[2] La. R.S. 37:213 makes it a crime to engage in the unauthorized practice of law.