ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
11 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respon *455 dent, Audwin L. Jackson, a suspended attorney.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1987. In 1991, while on active duty as an attorney in the United States Navy Reserve, respondent was convicted of two counts of knowingly making false official statements and two counts of wrongfully using controlled dangerous substances (cocaine and marijuana) in violation of the Uniform Code of Military Justice. In 1995, this court suspended respondent from the practice of law for two years based on this misconduct. In re: Jackson, 94-2261 (La.9/15/95), 660 So.2d 838 (hereinafter referred to as “Jackson /”). Although respondent filed an application for reinstatement from his suspension in Jackson I, he withdrew his application before being reinstated.
In 2008, this court suspended respondent for an additional two years, with all but one year and one day deferred, for engaging in the unauthorized practice of law on two occasions while he was still suspended pursuant to Jackson I. In re: Jackson, 02-3062 (La.4/9/03), 843 So.2d 1079 (hereinafter referred to as “Jackson II”). Respondent did not seek reinstatement after serving the active portion of his suspension in Jackson II, and thus, he remains suspended from the practice of law.
UNDERLYING FACTS
While respondent was suspended from the practice of law, he was involved in an improper business relationship with attorney Edwin Wilson.[1] Mr. Wilson assigned files to respondent, which allowed respondent to engage in the unauthorized practice of law by providing legal advice to clients and by negotiating settlements with insurance claim adjusters. When Mr. Wilson assigned cases to respondent, Mr. Wilson collected 2/3 of the attorney’s fees while respondent collected 1/3 of the attorney’s fees. However, on cases brought in or referred to the office by respondent, Mr. Wilson only collected 1/3 of the attorney’s fees while respondent collected 2/3 of the attorney’s fees.
After Ronald Lathan was involved in an automobile accident in September 2000, a co-worker referred him to respondent. Mr. Lathan initially met with respondent, who presented Mr. Lathan with the attorney-client contract, explained same to him, answered his questions about the matter, and questioned him and discussed his medical treatment. Usually, when Mr. Lathan had a question about the case, he spoke to respondent, who answered and advised him. Mr. Lathan did not meet Mr. Wilson until Mr. Lathan’s deposition was taken. After the settlement of Mr. Lathan’s case, both respondent and Mr. Wilson met with Mr. Lathan for the disbursement in December 2002. Respondent handled the disbursement process and | ^explained the settlement documents and process to Mr. Lathan. Of the $62,000 settlement, Mr. Lathan received $17,753.43, and respondent received a total of $17,339.31 in three checks payable to him from Mr. Wilson’s trust account, which amount was $39.31 more than 100% of the attorney’s fees from Mr. Lathan’s settlement.
*456 In a written response to the ODC, dated September 23, 2004, respondent’s counsel indicated that, during 2002, while respondent was providing Mr. Wilson with “law clerk-like services,” Mr. Wilson was unable to pay him. Therefore, respondent kept hourly records for the work he performed and billed Mr. Wilson over time. However, in an April 6, 2005 sworn statement to the ODC, respondent indicated that he did not keep any written records of the time he worked or the amounts Mr. Wilson paid him.
Furthermore, respondent indicated that the IRS audited him for the tax years 2002 and 2003. He also indicated that, while he filed a tax return for 2002, he did not report at least $19,174.31 in income he received from Mr. Wilson, and he did not file a tax return for 2003. The IRS audit for 2002 determined that respondent owed approximately $12,000 to the United States government. When the ODC requested copies of his 2002 and 2003 tax returns and documentation of the IRS audits, respondent could not provide them. Instead, he signed an authorization allowing the ODC to request the documents from the IRS.
DISCIPLINARY PROCEEDINGS
In July 2006, the ODC filed one count of formal charges against respondent, alleging that his conduct violated Rules 5.4(a) (a lawyer shall not share legal fees with a nonlawyer), 5.5 (engaging in the unauthorized practice of law), 8.1(a) (a |4lawyer shall not knowingly make a false statement of material fact in connection with a disciplinary matter), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct. Respondent, through counsel, answered the formal charges and denied any misconduct. The matter then proceeded to a formal hearing on the merits.

Hearing Committee Report

After reviewing the testimony and the evidence presented at the hearing, the hearing committee determined that respondent violated Rules 5.4(a), 5.5(a), and 8.4(a) of the Rules of Professional Conduct. With respect to Mr. Lathan’s legal matter, the committee found that respondent rendered legal advice to Mr. Lathan, negotiated the matter on behalf of Mr. Lathan, received, disbursed, and handled Mr. La-than’s funds, and essentially handled Mr. Lathan’s case from start to finish as an attorney. The committee also found that an improper, impermissible fee-splitting arrangement existed between respondent and Mr. Wilson. The committee did not find a violation of Rules 8.4(b), 8.4(c), and 8.1(c). With respect to respondent’s tax matters, the committee found there is not clear proof that respondent’s failures to report income and to file specific tax returns were done with a motive of dishonesty, fraud, deceit, or misrepresentation. The committee also found that, although respondent could have and should have been more responsible in maintaining copies of his tax information, there is not clear and convincing evidence that he failed to |,scooperate with the ODC. The committee did not make any findings regarding the alleged violation of Rule 8.1(a).
Turning to the issue of an appropriate sanction, the committee noted that this is the second time respondent has engaged in the unauthorized practice of law while suspended. Relying on Standard 8.1(b) of the ABA’s Standards for Imposing Lawyer Sanctions, which states that disbarment is appropriate when a lawyer has been sus *457 pended for the same or similar misconduct and intentionally or knowingly engages in further similar acts of misconduct that cause injury or potential injury, the committee determined that the applicable baseline sanction is disbarment. The committee further determined that respondent’s actions in this matter caused potential injury to Mr. Lathan, the public, the legal system, and the legal profession. Furthermore, given that respondent has been sanctioned on two prior occasions for serious offenses including the unauthorized practice of law, the committee felt that his actions in this matter were reckless and insulting.
Under these circumstances, the committee recommended that respondent be disbarred.
Both respondent and the ODC filed objections to the hearing committee’s report and recommendation.

Disciplinary Board Recommendation

After review, the disciplinary board found that the hearing committee’s factual findings are not manifestly erroneous. Specifically, the board found that respondent shared legal fees with Mr. Wilson in violation of Rule 5.4(a). The board also found that, based on the testimony of Mr. Lathan and Mr. Wilson and the joint stipulation of facts presented with Mr. Wilson’s petition for consent discipline, respondent | ^engaged in the unauthorized practice of law in violation of Rule 5.5(a). The board further found that respondent committed a criminal act in violation of Rule 8.4(b) and engaged in dishonest conduct in violation of Rule 8.4(c) when he failed to report approximately $19,000 in income on his 2002 income tax return. Finally, the board found that respondent violated Rule 8.4(a) by violating the above rules. However, the board determined that respondent did not violate Rules 8.1(a) and 8.1(c).
The board determined that respondent knowingly and intentionally violated duties owed to the public, the legal system, and the legal profession, causing actual and potential harm to these entities. The board agreed with the committee that the baseline sanction is disbarment.
In aggravation, the board found prior disciplinary offenses, a dishonest or selfish motive, multiple offenses, and illegal conduct. The board found no mitigating factors present.
Turning to the issue of an appropriate sanction, the board indicated that Guidelines 8 (engaging in the unauthorized practice of law) and 9 (serious attorney misconduct preceded by suspension or disbarment for prior instances of serious attorney misconduct) of the permanent disbarment guidelines listed in Appendix E of Supreme Court Rule XIX appear to be applicable. The board also cited the cases of In re: Thomas, 07-1616 (La.1/16/08), 973 So.2d 686, and In re: Lindsay, 07-1813 (La.3/7/08), 976 So.2d 1261. In Thomas, this court permanently disbarred an attorney who engaged in the unauthorized practice of law after he had been placed on interim suspension. Likewise, in Lindsay, this court permanently disbarred an attorney who engaged in the unauthorized practice of law after he had been disbarred.
Under these circumstances, the board recommended that respondent be permanently disbarred.
17Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and con *458 duct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992). While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
Based on our review of the record, we agree with the disciplinary board that respondent violated Rules 5.4(a), 5.5(a), 8.4(a), 8.4(b), and 8.4(c) of the Rules of Professional Conduct by engaging in the unauthorized practice of law after being suspended by this court in Jackson II, sharing legal fees with Mr. Wilson, and failing to report income on his 2002 income tax return.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and ^mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
As noted by the board, respondent’s conduct falls squarely within Guidelines 8 and 9 of the permanent disbarment guidelines. These guidelines provide as follows:
GUIDELINE 8. Following notice, engaging in the unauthorized practice of law subsequent to resigning from the Bar Association, or during the period of time in which the lawyer is suspended from the practice of law or disbarred.
GUIDELINE 9. Instances of serious attorney misconduct or conviction of a serious crime, when the misconduct or conviction is preceded by suspension or disbarment for prior instances of serious attorney misconduct or conviction of a serious crime. Serious crime is defined in Rule XIX, Section 19. Serious attorney misconduct is defined for purposes of these guidelines as any misconduct which results in a suspension of more than one year.
The record reveals that respondent acted as an attorney in the Lathan matter while he was suspended from the practice of law, thereby implicating Guideline 8. Likewise, Guideline 9 is applicable, as the instant misconduct, which is unquestionably serious attorney misconduct, was preceded by respondent’s lengthy suspensions in both Jackson I and Jackson II.
In In re: Jefferson, 04-0239 (La.6/18/04), 878 So.2d 503, we addressed a case in which the attorney engaged in the unauthorized practice of law. In concluding the attorney must be permanently disbarred, we stated:
Respondent has flouted the authority of this court by practicing law after being prohibited from doing so. In the face of this indisputable evidence of a fundamental lack of moral character and fitness, we can conceive of no circumstance under which we would ever grant readmission to respondent. Accordingly, he must be permanently disbarred.
| nSimilarly, in the instant case, respondent’s failure to respect the authority of this court clearly demonstrates that he *459 lacks the fitness to engage in the practice of law in this State. Accordingly, he must be permanently disbarred.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Audwin L. Jackson, Louisiana Bar Roll number 18072, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. In 2004, Mr. Wilson consented to be permanently disbarred for, among other things, improperly sharing attorney's fees with respondent while respondent was suspended from the practice of law and facilitating respondent's unauthorized practice of law. In re: Wilson, 04-1734 (La.9/24/04), 882 So.2d 547.