*204
 
 ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 

 _[jThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, David Jack Dowell, a disbarred attorney.
 

 FORMAL CHARGES
 

 In 2006, this court disbarred respondent for misconduct involving misappropriation of funds belonging to his client and his law firm, misrepresentations made to his client and his law firm, neglect of a succession matter, and failure to cooperate with the ODC in its investigation.
 
 In re: Dowell,
 
 06-1201 (La.10/6/06), 938 So.2d 994.
 

 Thereafter, pursuant to Supreme Court Rule XIX, § 26, respondent was required to notify all clients, adverse parties, and opposing counsel of his disbarment and his disqualification to act as a lawyer after the effective date of the court’s order. Respondent failed to file the required affidavit of compliance, pursuant to Rule XIX, § 26(H), or otherwise inform the court that he had provided the required notifications. Accordingly, pursuant to Supreme Court Rule XIX, § 27, and upon the ODC’s request, the chief judge of the Twenty-Fourth Judicial District Court for the Parish of | aJefferson appointed attorney Robert Tóale to inventory respondent’s files and to take any action needed to protect the interests of respondent’s
 
 *205
 
 clients.
 
 [1]
 

 In the course of his duties, Mr. Tóale discovered that respondent continued to act as a notary and may have provided related legal advice following his disbarment.
 
 [2]
 
 Specifically, in January 2007, respondent reviewed a living will presented to him by Debbie Desselle, Mr. Toale’s secretary. Respondent then advised Ms. Desselle how the document should be executed and notarized same. Respondent collected $5.00 from Ms. Desselle for notarizing the living will.
 

 In May 2007, Mr. Tóale reported his findings to the ODC, which, in turn, opened the matter as a complaint against respondent. The ODC mailed notice of the complaint to respondent. However, respondent failed to respond.
 

 DISCIPLINARY PROCEEDINGS
 

 In February 2008, the ODC filed one count of formal charges against respondent, alleging that his conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 1.4 (failure to communicate with a client), 1.16(a) (a lawyer shall withdraw from the representation of a client if the representation will result in a violation of the Rules of Professional Conduct or other law), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 5.5(a)(b)(e)(3) (engaging in the unauthorized practice of law), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, |sdeceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice). The ODC also alleged that respondent violated La. R.S. 35:14 by acting as a notary after his disbarment.
 
 [3]
 

 Respondent was served with the formal charges via certified mail but failed to answer. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.
 

 Hearing Committee Report
 

 After considering the ODC’s deemed admitted submission, the hearing committee found that respondent knowingly disregarded and disobeyed an obligation of this court by failing to issue the Rule XIX, § 26 notices; exercised notarial functions after his disbarment in violation of La. R.S. 35:14; and appears to have contempt
 
 *206
 
 for the court and the legal profession based upon his failure and/or refusal to respond to these proceedings. Based on these findings, the committee determined that respondent violated Rules 3.4(c) and 5.5 of the Rules of Professional Conduct. | ¿Considering this misconduct, the committee recommended that respondent be disbarred.
 

 Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.
 

 Disciplinary Board Recommendation
 

 After review, the disciplinary board determined that the factual findings of the hearing committee are supported by the factual allegations of the formal charges and/or by the evidence submitted in support of those allegations. The board then determined that respondent violated Rules 3.4(c), 5.5(a)(b)(e)(3), 8.1(c), 8.4(a), 8.4(c), and 8.4(d) of the Rules of Professional Conduct and violated La. R.S. 35:14. The board determined respondent did not violate Rules 1.4 or 1.16(a) because Mr. Toa-le’s report indicated that respondent had no active files and, therefore, no clients to notify and no cases from which to withdraw.
 

 The board determined that respondent intentionally violated duties owed to the public, the legal system, and the legal profession. His actions caused serious potential harm to the public and the legal system. Relying on the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the board determined that the applicable baseline sanction is disbarment.
 

 The board found the following aggravating factors to be present: prior disciplinary offenses, a dishonest or selfish motive, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, and illegal conduct. The board found no mitigating factors in the record.
 

 | r,Considering respondent’s misconduct in light of the permanent disbarment guidelines and the prior jurisprudence of this court, the board recommended that respondent be permanently disbarred.
 

 Although neither respondent nor the ODC filed an objection to the board’s recommendation, on October 14, 2009, this court ordered briefing addressing the issue of an appropriate sanction.
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Quaid,
 
 94-1316 (La.11/30/94), 646 So.2d 343;
 
 Louisiana State Bar Ass’n v. Boutall,
 
 597 So.2d 444 (La.1992).
 

 In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations.
 
 In re: Donnan,
 
 01-3058 (La.1/10/03), 838 So.2d 715.
 

 
 *207
 
 The record supports a finding that following his disbarment, respondent failed to comply with the notice requirements set forth in Supreme Court Rule XIX, § 26; | sacted as a notary, in violation of La. R.S. 35:14; and failed to cooperate with the ODC in its investigation. However, for purposes of determining the appropriate sanction, the critical question is whether respondent engaged in the unauthorized practice of law.
 

 The only evidence of unauthorized practice of law comes from Mr. Tóale, who was appointed at the ODC’s request to inventory respondent’s files pursuant to Supreme Court Rule XIX, § 27. Upon investigating respondent’s whereabouts, Mr. Tóale discovered a notary sign on the outside of the locksmith business where respondent was purportedly working. Mr. Tóale then decided to conduct a “sting operation” in which he had his assistant, Debbie Des-selle, take a living will back to the business in an attempt to determine whether respondent was practicing law or acting as a notary. Ms. Desselle provided the ODC with a statement, dated January 29, 2007, describing what occurred:
 

 At approximately 1:20 p.m. today I walked into “The Lock Clinic” which bears a large “Notary” sign on the right side of the front door. I asked the gentlemen [sic] behind the counter if there was a notary in. His response was I am. I gave him a 2 page Living Will and asked him if he could review [it] to make sure it was legal. He reviewed the document and told me that it did not have to be notarized to be legal. I told him that I would feel more comfortable if it was notarized. He said no problem. He notarized the document and told me that all I needed to do was sign and have two people over the age of 18 sign as witnesses. I said, as long as they are not related to me right? He said, as long as it is not you and they are over 18, it can be anyone. Never did he ask my name or proof of identification before notarizing the document. He did not even ask me to sign it in front of him. He notarized it, I paid $5.00, and left.
 

 Admittedly, respondent’s statement to Ms. Desselle “it did not have to be notarized to be legal” could be viewed as expressing a legal opinion that the living will would be enforceable in the absence of notarization, which would constitute the 17practice of law. Nonetheless, we find that any violation by respondent in this regard was
 
 de minimis,
 
 as there is certainly no indication that he was intentionally attempting to maintain an ongoing practice of law following his disbarment.
 
 Cf. In re: Jackson,
 
 02-3062 (La.4/9/03), 843 So.2d 1079 (noting that disbarment is generally appropriate in cases involving attorneys who have “manifested a conscious intent to flout the authority of this court by practicing after being prohibited from doing so”). Therefore, the baseline sanction is in the range of a suspension.
 
 See, e.g., In re: Ellis,
 
 99-2483 (La.9/15/99), 742 So.2d 869 (this court accepted a petition for consent discipline and imposed a ninety-day suspension upon a suspended attorney who, following his suspension from the practice of law, failed to remove “attorney at law” designations from his office and acted as a notary in drafting two acts of sale);
 
 In re: Rudman,
 
 01-1644 (La.6/29/01), 791 So.2d 1280 (this court accepted a petition for consent discipline and imposed a suspension for one year and one day, with all but ninety days deferred, followed by one year of supervised probation with conditions, upon an attorney who neglected a legal matter, failed to communicate with a client, misplaced a client’s file, failed to cooperate with the ODC’s investigation, and acted as a notary on
 
 *208
 
 several occasions while he was suspended from the practice of law).
 

 Based upon the
 
 Ellis
 
 and
 
 Rudman
 
 line of cases, a ninety-day suspension is appropriate for respondent’s notarial misconduct standing alone. For his failure to cooperate with the ODC and his failure to comply with his obligations under Rule XIX following his disbarment, we would normally impose a short suspension in the range of six months.
 
 See, e.g., In re: Augustine,
 
 97-1570 (La.9/26/97), 707 So.2d 1 (thirty-day suspension imposed upon an attorney who knowingly failed to cooperate with the ODC in its investigation);
 
 In re: Gold,
 
 98-2819 (La.4/30/99), 734 So.2d 1210 (public reprimand and probation imposed upon an attorney who failed to cooperate with the ODC in five investigations); and
 
 In re: Boudreau,
 
 03-1890 (La.12/3/03), 860 So.2d 1119 (six-month suspension imposed upon an attorney who failed to | ¡¡cooperate with the ODC in its investigation of a complaint filed against him; the attorney had recently been disciplined for similar misconduct, and his continued failure to cooperate was therefore found to be “particularly egregious”). Accordingly, for all of respondent’s misconduct together, we will impose a one-year suspension from the practice of law.
 
 [4]
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record and the brief filed by the ODC, it is ordered that David Jack Dowell, Louisiana Bar Roll number 23041, be and he hereby is suspended from the practice of law for a period of one year. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 KIMBALL, C.J., dissents and impose greater discipline.
 

 [1]
 

 . Mr. Tóale subsequently reported to the ODC that respondent had no active files and no clients for whom protective actions needed to be taken.
 

 [2]
 

 . Respondent informed Mr. Tóale that he did not know that he was prohibited from acting as a notary following his disbarment. When Mr. Tóale advised respondent of the prohibition set forth in La. R.S. 35:14, respondent agreed that he would not do notarial work any longer.
 

 [3]
 

 . La. R.S. 35:14 provides as follows:
 

 Any attorney at law, or person who was an attorney at law, who is disbarred or suspended from the practice of law due to charges filed by the Committee on Professional Responsibility of the Louisiana State Bar Association or who has consented to disbarment shall not be qualified or eligible nor shall he exercise any functions as a notary public in any parish of the state of Louisiana as long as he remains disbarred or suspended from the practice of law in Louisiana. Provided, however, that nothing in this Section shall apply to any action taken against an attorney at law for failure to pay annual dues.
 

 [4]
 

 . Because respondent is disbarred, the effect of our judgment will be to extend by one year the minimum period which must elapse before he may seek readmission to the practice of law.
 
 See In re: White,
 
 00-2732 (La.4/25/01), 791 So.2d 602.