*546 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
| TThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, David Jack Dowell, a disbarred attorney.
FORMAL CHARGES
By way of background, we disbarred respondent in October 2006 for misappropriating client and law firm funds, making misrepresentations to his client and law firm, neglecting a legal matter, and failing to cooperate with the ODC in its investigation. In re: Dowell, 06-1201 (La.10/6/06), 938 So.2d 994 (“Dowell I ”). Following his disbarment, respondent worked at his family’s locksmith business in Gretna, Louisiana, where he displayed a notary sign and provided notarial services. In December 2009, we suspended respondent from the practice of law for one year for continuing to act as a notary following his disbarment, in violation of La. R.S. 35:14, and for failing to cooperate with the ODC in its investigation. In re: Dowell, 09-1419 *547 (La.12/18/09), 24 So.3d 203 (“Dowell II”). The effect of our judgment in Dowell II was to extend by one year the minimum period which must elapse before respondent was eligible to seek readmission to the practice of law.
Despite having already been disciplined for engaging in unlawful notarial work, respondent continued to engage in similar misconduct, as follows:

_|_2Count I

Attorney Gregory Marsiglia drafted a marriage contract for a client and advised the client of the importance of executing the marriage contract before his wedding. The client had respondent notarize the contract in November 2011, and the notarized marriage contract bears respondent’s notarial stamp with his name, address, and notarial commission number.
The next day, the client and his fiancée were married and left for their honeymoon. When the client returned from his honeymoon, he delivered the notarized marriage contract to Mr. Marsiglia so it could be properly recorded. When Mr. Marsiglia noticed that the names of the witnesses were missing, his employee called the Secretary of State’s office for respondent’s telephone number and learned respondent’s notarial commission had been revoked on October 20, 2006 as a result of his disbarment in Dowell I. Consequently, the client’s marriage contract was an absolute nullity.
In December 2011, Mr. Marsiglia filed a disciplinary complaint against respondent. Despite receiving notice of the complaint, respondent failed to respond, necessitating the issuance of a subpoena to obtain his sworn statement. During his May 15, 2012 sworn statement, respondent admitted that the notary sign was still hanging outside of his family’s locksmith business where he works and that no other licensed attorneys or notaries work at that location. He also acknowledged that the notarial signature and notarial stamp on the marriage contract appeared to be his. He claimed, however, that he was unaware he could not act as a notary public.
The ODC alleged that respondent’s conduct in violating La. R.S. 35:14 by continuing to act as a notary public following his disbarment and in failing to cooperate with the ODC’s investigation was a violation of the following provisions of the Rules of Professional Conduct: Rules 8.1(c) (failure to cooperate with the |sODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

Count II

On January 6, 2012, respondent notarized five subcontractor release of lien affidavits, releasing liens totaling $115,197. Attorney Daniel Ranson received the affidavits from his client in connection with a construction project. Knowing that respondent was disbarred, Mr. Ranson filed a disciplinary complaint against him with the ODC. During his May 15, 2012 sworn statement to the ODC regarding the complaint by Mr. Marsiglia, respondent also acknowledged that the notarial signature and notarial stamp on the five subcontractor release of lien affidavits appeared to be his. He again claimed that he was unaware he could not act as a notary public because of his disbarment but confirmed that he now understood he was not permitted to do so. Respondent also stated that he would update his primary registration address with the Louisiana State Bar Association, but he has failed to do so.
The ODC alleged that respondent’s conduct in violating La. R.S. 35:14 by continuing to act as.a notary public following his disbarment was a violation of the following *548 provisions of the Rules of Professional Conduct: Rules 8.4(a) and 8.4(c).

Count III

Attorney Victoria Bartels represented Frank Venturelli in a proceeding against Gina Powell Boudreaux, the curator for Mr. Venturelli’s interdicted sister, involving actions taken by Ms. Boudreaux pursuant to a November 18, 2010 power of attorney. Ms. Bartels discovered that respondent had notarized the power of attorney but that his notarial commission had been revoked because of his 2006 | ¿disbarment. Ms. Boudreaux subsequently admitted that she had Mr. Venturelli’s sister sign the power of attorney at the hospital, had two of her employees witness the document, and took the document to respondent to notarize after-the-fact.
In November 2012, Ms. Bartels filed a disciplinary complaint against respondent. Despite receiving notice of the complaint, respondent failed to respond. On January 30, 2013, the ODC obtained photographic evidence that respondent continued to display a notary sign outside his family’s locksmith business where he works.
The ODC alleged that respondent’s conduct in violating La. R.S. 35:14 by continuing to act as a notary public following his disbarment and in failing to cooperate with the ODC’s investigation was a violation of the following provisions of the Rules of Professional Conduct: Rules 8.1(c), 8.4(a), and 8.4(c).
DISCIPLINARY PROCEEDINGS
In September 2013, the ODC filed formal charges against respondent. Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After reviewing the ODC’s deemed admitted submission, the hearing committee found that the factual allegations in the formal charges were deemed admitted and proven by clear and convincing evidence. Based on these facts, the | .¡committee found that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
The committee determined respondent violated duties owed to his clients, the public, the legal system, and the legal profession. He acted knowingly and caused actual harm. Based on the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined the baseline sanction is disbarment.
In aggravation, the committee found a prior disciplinary record, a pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of the conduct, and substantial experience in the practice of law (admitted 1994). The committee did not find any mitigating factors present.
After considering respondent’s conduct in light of the permanent disbarment guidelines set forth in Supreme Court Rule XIX, Appendix E, as well as this court’s prior jurisprudence addressing similar misconduct, the committee recommended he be permanently disbarred.
Neither respondent nor the ODC filed an objection to the hearing committee’s report and recommendation.

*549
Disciplinary Board Recommendation

After review, the disciplinary board found that the factual allegations in the formal charges have been deemed admitted and proven. The board also found respondent’s claim that he was unaware he could not act as a notary public following his disbarment was not credible. The board determined the hearing committee correctly applied the Rules of Professional Conduct. Additionally, the board noted that respondent violated La. R.S. 35:14 by continuing to act as a notary public following his disbarment.
The board determined respondent knowingly, if not intentionally, violated duties owed to the public, the legal system, and the legal profession, which caused factual harm. Citing the ABA’s Standards for Imposing Lawyer Sanctions, the board determined the baseline sanction is disbarment. The board also adopted the aggravating factors found by the committee and agreed that the record does not support any mitigating factors. Additionally, the board indicated that respondent’s failure to cooperate with the ODC’s investigations was an aggravating factor.
Turning to the issue of an appropriate sanction, the board determined that, taken as a whole, respondent’s continued misconduct despite the court’s previous orders in Dowell I and Dowell II, the serious harm caused by the misconduct, and respondent’s continued failure to cooperate with the ODC’s investigations constitute serious attorney misconduct. Guideline 9 of the permanent disbarment guidelines set forth in Supreme Court Rule XIX, Appendix E, states that permanent disbarment may be warranted for “[i]nstances of serious attorney misconduct or conviction of a serious crime, when the misconduct or conviction is preceded by suspension or disbarment for prior instances of serious attorney misconduct or conviction of a serious crime.” Accordingly, the board recommended respondent be permanently disbarred.
Neither respondent nor the ODC filed an objection to the disciplinary board’s report and recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § |711(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The record in this deemed admitted matter indicates that respondent continued to act as a notary public following his disbarment in Dowell I, in violation of La. R.S. 35:14, and following his suspension in Dowell II. He also failed to cooperate with the ODC in its investigations. As such, he has violated the Rules of Professional Conduct as charged.
*550 Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
We agree with the disciplinary board’s assessment that respondent knowingly, if not intentionally, violated duties owed to the public, the legal system, and the legal profession, causing actual harm. We also agree respondent is not credible in claiming that he was unaware he could not act as a notary public following his disbarment, especially in light of our order in Dowell II. ^Furthermore, respondent continues to display a notary sign outside his family’s locksmith business despite confirming during his May 15, 2012 sworn statement to the ODC that he now understood he was not permitted to act as a notary public. The baseline sanction for this type of misconduct is disbarment.
In théir respective reports, the hearing committee and the disciplinary board have concluded respondent’s offenses are so egregious that he should be permanently prohibited from applying for readmission to the bar. We agree. In Appendix E to Supreme Court Rule XIX, we set forth guidelines illustrating the types of conduct that might warrant permanent disbarment. While these guidelines are not intended to bind our decision-making process, they present useful information concerning the types of conduct that may be worthy of permanent disbarment. For purposes of the instant case, Guideline 9 is relevant. That guideline details the following conduct:
GUIDELINE 9. Instances of serious attorney misconduct or conviction of a serious crime, when the misconduct or conviction is preceded by suspension or disbarment for prior instances of serious attorney misconduct or conviction of a serious crime. Serious crime is defined in Rule XIX, Section 19. Serious attorney misconduct is defined for purposes of these guidelines as any misconduct which results in a suspension of more than one year.
Guideline 9 is applicable, as respondent’s current misconduct, taken as a whole, is serious attorney misconduct and was preceded by his disbarment in Dowell I for prior instances of serious attorney misconduct.
Respondent’s conduct demonstrates an egregious disregard for our prior orders disbarring and suspending him from the practice of law. In order to protect the public and maintain the high standards of the legal profession in this state, we find respondent should not be allowed the opportunity to return to the practice of law in the future.
| ¡Accordingly, we will adopt the board’s recommendation and permanently disbar respondent.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of David Jack Dowell, Louisiana Bar Roll number 23041, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, *551 § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.