JOHNSON, J.
 

 | TJOHNSON, J., dissents from the majority’s ruling to grant with order for the same reasons assigned in her dissent in
 
 Jenkins v. Starns,
 
 2011-1170 (La.1/24/12), 85 So.3d 612, 628-29:
 

 [T]he continuous representation rule should be applied similarly to the “continuous treatment” rule in medical malpractice cases. The continuous treatment rule provides that prescription in a medical malpractice case is suspended as long as the defendant health care provider continuously treats the plaintiff in an effort to improve the plaintiffs condition allegedly caused by negligent treatment.
 
 See Carter v. Haygood,
 
 04-0646 (La.1/19/05), 892 So.2d 1261. This Court has found the time periods in the medical malpractice act to be prescriptive, rather than peremptive. However, failure to apply the continuous representation rule in legal malpractice cases leads to absurd results.
 

 As I stated in my dissent in
 
 Reeder v. North,
 
 97-0239 (La.10/21/97), 701 So.2d 1291, “if a client is required to file suit against his attorney while the suit is being litigated and before a judgment is definitive, the client is placed in the untenable position of asserting that a judgment is both valid and invalid.”
 
 Reeder,
 
 701 So.2d at 1300. The failure to apply the continuous representation rule leads to absurd results because an “attorney need only litigate a claim past the three (3) year preemptive period to avoid all consequences of his malpractice.”
 
 Id.