ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
11 These consolidated disciplinary proceedings arise from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondents, Seth Corti-gene and Newton B. Schwartz, Sr. Mr. Cortigene is an attorney licensed to practice law in the States of Texas and Louisiana, but currently ineligible to practice in Louisiana due to his failure to comply with *917 his professional obligations.[1] Mr. Schwartz is licensed to practice law only in Texas and Pennsylvania; however, the ODC asserts jurisdiction over him in this matter pursuant to Supreme Court Rule XIX, § 6(A) and Rule 8.5 of the Rules of Professional Conduct, which together extend this court’s disciplinary authority to lawyers who provide or offer to provide legal services in Louisiana.
| ¡/UNDERLYING FACTS AND PROCEDURAL HISTORY
The facts of this case are rather complex, but for purposes of 'this opinion, it is only necessary to observe that respondents represented Jay Watts in connection with litigation over a work-related diving accident. Mr. Watts’ employer filed suit in the United States District Court for the Eastern District of Louisiana. The undisputed facts reveal that Mr. Schwartz attended and participated in the deposition of Mr. Watts taken in New Orleans, although he was not licensed or admitted to practice pro hac vice in Louisiana at any time during the litigation. Moreover, as the litigation progressed, Mr. Schwartz knew that he was listed on the federal court’s docket as an attorney of record, yet he still did not seek pro hac vice admission or even notify the federal court that he was not admitted as counsel of record.
The ODC subsequently charged Mr. Schwartz with several violations of the Rules of Professional Conduct, including the unauthorized practice of law. Mr. Schwartz answered the formal charges and asserted that Louisiana has no jurisdiction over him because he has not been licensed or admitted to practice pro hac vice in Louisiana at any time pertinent hereto, and he did not provide or offer to provide any legal services in this state. Mr. Schwartz also contended that formal charges cannot be filed against him in Louisiana arising out of the Watts case because he was acquitted by a jury of similar charges of misconduct in a Texas disciplinary proceeding premised upon alleged violations of the Texas Disciplinary Rules of Professional Conduct,[2] and that judgment should be given full faith and credit in Louisiana.
| oThe ODC charged Mr. Cortigene with facilitating Mr. Schwartz’s misconduct and failing to report it to disciplinary authorities. Mr. Cortigene answered the formal charges and admitted that he was co-eoun-sel in the Watts case and handled certain aspects of the litigation; however, he de *918 nied any violation of the Rules of Professional Conduct.
The matter proceeded to a hearing. The hearing committee recommended that Mr. Cortigene be disbarred, and that Mr. Schwartz be publicly reprimanded for his misconduct and enjoined from the practice of law in this state.
The disciplinary board largely adopted the committee’s findings and recommendations. With regard to Mr. Cortigene, the board recommended he be disbarred. This recommendation was lodged in this court under docket number 13-B-2022. Neither Mr. Cortigene nor the ODC has objected to the board’s recommendation of disbarment.
As to Mr. Schwartz, the board agreed that disbarment would be the appropriate sanction for his misconduct; however, because he is not a member of the Louisiana bar, the board ordered that Mr. Schwartz be publicly reprimanded and permanently enjoined from the practice of law in this state. Mr. Schwartz filed an appeal of the board’s ruling objecting to the exercise of any jurisdiction over him in this matter. In response to Mr. Schwartz’s appeal, the board lodged the record of the matter in this court’s docket number 13-B-2172. The ODC has likewise objected, asserting that the board erred in concluding that Mr. Schwartz cannot be disbarred in Louisiana.
On September 13, 2013, we ordered that 13-B-2172 and 13-B-2022 be consolidated for purposes of briefing and argument, and that the consolidated matters be scheduled on the next available docket for oral argument.
1 ¿DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150. In this matter, given that there are two respondents charged with separate misconduct, we will address each in turn.

Mr. Schwartz

At the outset, we note the ODC has charged Mr. Schwartz with multiple violations of the Rules of Professional Conduct stemming from his representation of Mr. Watts. The most serious of these charges relates to the allegation that Mr. Schwartz engaged in the unauthorized practice of law in Louisiana. Because the magnitude of an unauthorized practice of law finding would eclipse any lesser misconduct, our focus will be on this charge.
The hearing committee made a finding of fact that Mr. Schwartz engaged in the practice of law in this state by appearing at and participating in a deposition. The record supports this finding. In particular, the record shows that Mr. Schwartz participated in the deposition of Mr. Watts taken in New Orleans by another party. Mr. Schwartz admitted that he advised Mr. Watts “once or twice” to either answer or not answer a particular question, although he stated that Mr. Cortigene “predominantly did the questioning and the objecting.” Our jurisprudence establishes that participation in out-of-court proceedings such as depositions and 15sworn state- *919 merits constitutes the practice of law. See In re: Jackson, 02-8062 (La.4/9/03), 848 So.2d 1079; In re: Williams, 02-2698 (La.4/9/03), 842 So.2d 353. Additionally, we find the record establishes that Mr. Schwartz knew he was listed on the federal court’s docket as an attorney of record in the Watts case, yet he still did not seek pro hac vice admission or even notify the federal court that he was not admitted as counsel of record.
Finding clear and convincing evidence that Mr. Schwartz engaged in the unauthorized practice of law,[3] we now turn to consideration of an appropriate sanction for this misconduct. We have' consistently found the unauthorized practice of law to be very serious misconduct. In re: Lindsay, 07-1813 (La.3/7/08), 976 So.2d 1261; In re: Patrick, 07-1222 (La.12/14/07); 970 So.2d 964; In re: Jefferson, 04-0239 (La.6/18/04), 878 So.2d 503; In re: Callahan, 02-2960 (La.5/20/03), 846 So.2d 728. Our legislature has made it a felony to engage in such conduct. La. R.S. 37:213. Likewise, we have listed the unauthorized practice of law by a suspended or disbarred attorney as a possible ground for permanent disbarment under the Guidelines Depicting Conduct Which Might Warrant Permanent Disbarment contained in Supreme Court Rule XIX, Appendix E.
Nonetheless, we have observed that “not all instances of the unauthorized practice of law warrant the most severe sanction.” Jackson, 02-3062 at p. 5, 843 So.2d at 1083. Rather, in cases of the unauthorized practice of law, our jurisprudence has reserved the most severe sanctions for those attorneys who have “manifested a conscious intent to flout the authority of this court by practicing after being prohibited from doing so.” Jackson, 02-3062 at p. 5, 843 So.2d at 1082. In |ficases where the unauthorized practice of law is a product of negligence rather than intent, we typically impose lesser sanctions than disbarment. See e.g., In re: Ellis, 99-2483 (La.9/15/99), 742 So.2d 869 (imposing a ninety-day suspension on a previously suspended attorney who failed to remove the “attorney at law” designation from his office).
In the instant case, it cannot be said that Mr. Schwartz manifested a conscious intent to flout the authority of this court by practicing after being prohibited from doing so, as he was never admitted to the bar of this state, nor has he ever been the subject of any disciplinary orders from this court. Indeed, Mr. Schwartz could have acted as counsel in the Watts matter if he had simply filed a motion for pro hac vice admission with the federal district court, as he had done in prior cases. Therefore, to the extent he has not violated any direct orders from this court, we do not find Mr. Schwartz’s conduct warrants the highest level of discipline.
However, the record establishes Mr. Schwartz’s conduct was not purely negligent, as in those cases imposing the lowest range of discipline. Mr. Schwartz’s testimony reveals he was aware of his obligation to seek pro hac vice admission and consciously chose not to do so. Although he did not violate any specific court orders, he manifested a lack of candor toward the federal district court.
Under such circumstances, we find Mr. Schwartz’s conduct, while not warranting *920 disbarment, still calls for a substantial suspension. Accordingly, we conclude the appropriate sanction for such misconduct would be a three-year suspension.
Having determined discipline is appropriate under these facts, we now turn to the res nova issue presented by this case — namely, whether this court may impose discipline on an attorney not admitted to the bar of this state. Supreme [7Court Rule XIX, § 10(A) sets forth the list of available sanctions.[4] The board concluded the majority of these sanctions impact the attorney’s license and are therefore inapplicable to an attorney not admitted in this state. Rather, the board reasoned the only sanction applicable to a non-Louisiana attorney would be a public reprimand.
We disagree. While Supreme Court Rule XIX, § 10(A) lists the sanctions we typically impose in disciplinary cases, it was not intended to represent an exclusive list, nor does it represent a limitation on our plenary authority to regulate the practice of law. In Succession of Wallace, 574 So.2d 348 (La.1991), we stated:
This court has exclusive and plenary power to define and regulate all facets of the practice of law, including the admission of attorneys to the bar, the professional responsibility and conduct of lawyers, the discipline, suspension and disbarment of lawyers, and the client-attorney relationship. LSBA v. Edwins, 540 So.2d 294 (La.1989); Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102, 109, 115 (La.1979); LSBA v. Connolly, 201 La. 342, 9 So.2d 582 (1942); Ex Parte Steckler, 179 La. 410, 154 So. 41 (1934); Meunier v. Bemich, 170 So. 567 (La.App.1936). The sources of this power are this court’s inherent judicial power emanating from the constitutional separation of powers, La. Const.1974, Art. II; Saucier v. Hayes Dairy Products, Inc., supra; Ex Parte Steckler, supra; Meunier v. Bemich, supra, the traditional inherent and essential function of attorneys as officers of the courts, Ex Parte Steckler, supra; Meu-nier v. Bemich, supra; and this court’s exclusive original jurisdiction of attorney disciplinary proceedings. La. Const. 1974, Art. V, § 5(B); Saucier v. Hayes Dairy Products, Inc., supra.
In the exercise of this plenary power to define and regulate the practice of law, we have the right to fashion and impose any sanction which we find is necessary and appropriate to regulate the practice of law and protect the citizens of |sthis state. This power is broad enough to encompass persons not admitted to the bar who attempt to practice law in this state. See In re: Jordan, 12-0551 (La.4/9/12), 85 So.3d 683 (permanently enjoining a bar applicant from seeking admission in this state based on a finding that she repeatedly engaged in the unauthorized practice of law). Applying the reasoning of Jordan, we find that in the exercise of our plenary authority, we may enjoin a non-Louisiana lawyer from seeking the benefits of a full or limited admission to practice in this state.
Accordingly, we hereby adjudge Mr. Schwartz guilty of conduct which would warrant a three-year suspension from the practice of law if he was a member of our bar. Recognizing that he is not a member of the bar, we order that Mr. Schwartz shall be enjoined for a period of three years from the date of this order from seeking full admission to the Louisiana bar *921 or seeking admission to practice in Louisiana on any temporary or limited basis, including, but not limited to, seeking pro hae vice admission before a Louisiana court pursuant to Supreme Court Rule XVII, § 13 or seeking limited admission as an in-house counsel pursuant to Supreme Court Rule XVII, § 14. We will further direct the ODC to report our judgment to all jurisdictions in which Mr. Schwartz is currently admitted.

Mr. Cortigene

The ODC charged Mr. Cortigene with facilitating Mr. Schwartz’s misconduct and failing to report it to disciplinary authorities. The hearing committee and disciplinary board both recommended Mr. Corti-gene be disbarred. He has not objected to that recommendation in this court.
Our review indicates the findings and recommendations of the hearing committee and disciplinary board are supported by the record. Considering the presence of aggravating factors, particularly Mr. Corti-gene’s prior disciplinary 1arecord, we will adopt the disciplinary board’s recommendation and order that Mr. Cortigene be disbarred.
DECREE
Upon review of the findings and recommendation of the hearing committee, the findings, recommendation, and ruling of the disciplinary board, and considering the record, briefs, and oral argument, the court hereby renders the following orders of discipline:
It is ordered that Seth Cortigene, Louisiana Bar Roll number 19528, be and he hereby is disbarred. Mr. Cortigene’s name shall be stricken from the roll of attorneys and his license to practice law in the State of Louisiana shall be revoked.
It is further ordered that Newton B. Schwartz, Sr. shall be enjoined for a period of three years from seeking admission to the Louisiana bar or seeking admission to practice in Louisiana on a temporary or limited basis, including, but not limited to, seeking pro hac vice admission before a Louisiana court pursuant to Supreme Court Rule XVII, § 13 or seeking limited admission as an in-house counsel pursuant to Supreme Court Rule XVII, § 14. The Office of Disciplinary Counsel is directed to report this judgment to all jurisdictions in which Mr. Schwartz is currently admitted.
All costs and expenses in the matter are assessed against respondents in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
KNOLL, J., dissents in part with reasons.

.’ Mr. Cortigene has been ineligible to practice law in Louisiana since September 9, 2009 for failure to pay his bar dues and the disciplinary assessment. He is also ineligible for failure to file a trust account registration statement and for failure to comply with the mandatory continuing legal education requirements.
In 2011, we considered a reciprocal discipline proceeding against Mr. Cortigene arising out of the same client matter as is at issue here. For Mr. Cortigene’s failure to abide by his client's decision whether to accept a settlement offer and failure to communicate with his client, we imposed a fully deferred three-year suspension, based upon the discipline imposed against Mr. Cortigene in a default proceeding in Texas. In re: Cortigene, 11-1564 (La. 10/14/11), 72 So.3d 828.

. Pursuant to the Texas Rules of Disciplinary Procedure, a lawyer against whom formal charges of misconduct have been filed may elect to have the formal charges heard in a district court of proper venue, with or without a jury, or by a grievance committee evidentia-ry panel. Mr. Schwartz elected a jury trial in the Texas disciplinary proceeding against him for providing improper financial assistance to Mr. Watts and improperly soliciting his professional employment, and the jury unanimously found no professional misconduct on the part of Mr. Schwartz.

. Based on this finding, we pretermit discussion of the remaining charges, including allegations Mr. Schwartz engaged in solicitation and provided improper financial assistance to a client. As a result, we need not address Mr. Schwartz’s argument that we must give full faith and credit to the Texas judgment acquitting him of similar charges in that state. Additionally, because Mr. Schwartz's unauthorized practice of law unquestionably took place in Louisiana, we need not discuss his jurisdictional objections.

. Supreme Court Rule XIX, § 10(A) lists eight sanctions in disciplinary cases. These sanctions are: (1) disbarment; (2) suspension; (3) probation; (4) reprimand; (5) admonition; (6) restitution; (7) limitation on the nature and extent of the respondent's future practice; and (8) diversion.