KNOLL, J.,
dissenting.
hi agree with the majority that clear and convincing evidence clearly shows Mr. Schwartz not only knowingly engaged in the unauthorized practice of law in Louisiana, but also acted with deceit. In my view, this intentional and indefensible conduct merits the harshest of sanctions, thus I disagree with the sanction imposed by the majority.
As the majority astutely noted, we have consistently found the unauthorized practice of law very serious, felonious misconduct and even grounds for permanent disbarment. In re: Lindsay, 07-1813 (La.3/7/08), 976 So.2d 1261; In re: Patrick, 07-1222 (La.12/14/07); 970 So.2d 964; In re: Jefferson, 04-0239 (La.6/18/04), 878 So.2d 503; In re: Callahan, 02-2960 (La.5/20/03), 846 So.2d 728; La.Rev.Stat. § 37:213; see also Guidelines Depicting Conduct Which Might Warrant Permanent Disbarment contained in Supreme Court *922 Rule XIX, Appendix E. While we have never addressed the question of the appropriate sanction for a non-admitted lawyer who engages in the unauthorized practice of law, I, unlike the majority, find guidance in our recent decision of In re: Jordan, 12-0551 (La.4/9/12), 85 So.3d 688. In that case, the petitioner previously sought admission to the bar and was denied. Thereafter, while working as a paralegal, petitioner engaged in the unauthorized practice of law. Considering these facts, we permanently enjoined petitioner from seeking admission to the bar:
^Standing alone, the unauthorized practice of law conclusively demonstrates that petitioner lacks the moral fitness to be admitted to the bar. The improper fee-sharing and the conduct arising out of the incident in law school simply serve to underscore the conclusion that petitioner possesses serious and fundamental character flaws.
Given the egregious nature of petitioner’s wrongdoing, as well as her pattern of conduct occurring over many years, we can conceive of no circumstance under which we would ever grant her admission to the practice of law in this state. Accordingly, we will deny her application for admission. Furthermore, no applications for admission will be accepted from petitioner in the future.
Jordan, 12-0551 at pp. 4-5, 85 So.3d at 685-86 (emphasis added; footnote omitted.)
Like Mr. Schwartz, the petitioner in Jordan was not a member of the Louisiana bar. Nonetheless, we sanctioned her by prohibiting her from seeking admission to the bar in the future. Following this reasoning, I And the appropriate sanction in the instant case is to adjudge Mr. Schwartz guilty of conduct warranting permanent disbarment. Though I acknowledge we cannot disbar an attorney who is not a member of the Louisiana bar, I believe we must take steps to protect the citizens of this state from any future misconduct by Mr. Schwartz. Accordingly, I would order Mr. Schwartz be permanently enjoined from seeking admission to the Louisiana bar or seeking admission to practice in Louisiana on any temporary or limited basis, including, but not limited to, seeking pro hac vice admission before a Louisiana court pursuant to Supreme Court Rule XV II, § 13 or seeking limited admission as an in-house counsel pursuant to Supreme Court Rule XVII, § 14. Additionally, I would order the ODC to give notice of this judgment to the disciplinary authorities of any state in which Mr. Schwartz is admitted to practice. For these reasons, I respectfully dissent.