PER CURIAM.
Lin this matter, the Office of Disciplinary Counsel (“ODC”) seeks to appeal a ruling of the Louisiana Attorney Disciplinary Board ordering that respondent, Satri-ca Williams-Bensaadat, be publicly reprimanded.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history.'' Respondént was admitted to the practice of law in Louisiana in 1999. In 2007, this court considered a joint petition for consent discipline in In re: Williams-Bensaadat, 07-1618 (La.9/14/07), 964 So.2d 317. In that matter, respondent was publicly reprimanded and ordered to attend the Louisiana State Bar Association’s (“LSBA”) Ethics School for failing, to competently represent her clients, -.neglecting . legal matters, failing to communicate with her *686 clients, and engaging in conduct constituting a conflict of interest.
Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
UNDERLYING FACTS
In February 2010, Shakeitha Hanney hired respondent to represent her in a personal injury matter. The parties executed a contingency fee agreement which provided'that if Ms. Hanney’s claim was settled before suit was filed, respondent | ;>would receive one-third of the amount recovered as her attorney’s fees. In December 2010, Ms. Hanney terminated respondent’s representation because she believed that respondent had performed very little work in the matter and had made counteroffers to settle her claim without authority. At the time of respondent’s termination, she had negotiated a settlement offer of $18,500 with the tortfeasor’s insurance company.[1] Respondent subsequently recorded her contingency fee agreement in the public records and notified the tortfeasor’s insurer of her interest in Ms. Hanney’s personal injury claim.
After terminating respondent’s representation, Ms. Hanney hired attorney Cié Simon to represent her. Mr. Simon, who represented Ms. Hanney on a pro bono basis, negotiated a $20,000 settlement of the case. In February 2011, the insurer issued a settlement check payable to Ms. Hanney, Mr. Simon, and respondent. Believing respondent had been terminated for cause, Mr. Simon contacted respondent to determine whether she was willing to compromise on any fees she claimed were owed to her. Respondent indicated that she was not agreeable to reducing her fees. On February 11, 2011, Mr. Simon forwarded the settlement check to respondent for her endorsement. Mr. Simon’s cover letter specifically stated that he intended to deposit the disputed attorney’s fees into the registry of the court and invoke a eoncursus proceeding. Respondent refused to endorse the settlement check and, for a period of one month, refused to return the check to Mr. Simon.
On March 18, 2011, respondent wrote a letter to Ms. Hanney demanding payment of $6,713.40 in attorney’s fees within ten days. The fees claimed by respondent were based on the $20,000 settlement obtained by Mr. Simon, not the $18,500 settlement offer respondent had obtained pri- or to the termination of her [.¡representation. Respondent subsequently advised the ODC that she did not communicate with a party represented by counsel because she sent this letter to Mr. Simon and not to Ms. Hanney directly. However, Ms. Hanney testified at the hearing that she received the letter from respondent by ordinary U.S. mail.[2] In addition, respondent attempted to send the letter to Ms. Hanney via certified mail, although Ms. Hanney did not actually receive this correspondence because the envelope was incorrectly addressed by respondent and was therefore returned to sender.
On April 4, 2011, respondent notified Mr. Simon that she intended to submit the fee dispute to the LSBA’s Lawyer Fee Dispute Resolution Program. On April 20, 2011, Mr. Simon, on behalf of Ms. Hanney, declined to participate in fee dispute arbitration. On April 21, 2011, respondent filed a civil action against Ms. Hanney to *687 collect her attorney’s fees from the personal injury claim. Respondent’s petition also sought additional attorney’s fees, interest, and costs from Ms. Hanney.
On July 1, 2011, respondent requested that Mr. Simon return Ms. Hanney’s settlement check to her. On August 3, 2011, respondent affixed her signature on the settlement check payable to Ms. Hanney, at which time Ms. Hanney finally received her share of the settlement of her personal injury claim.
The parties settled the fee dispute in August 2011, with respondent receiving $4,500 in attorney’s fees and $98.50 in costs. In October 2011, the trial court granted respondent’s motion to dismiss her suit against Ms. Hanney.[3]
^DISCIPLINARY PROCEEDINGS
In June 2012, the ODC filed formal charges against respondent, alleging that her conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 1.2 (scope of the representation), 1.4 (failure to communicate with a client), 1.15(e) (when in the course of representation a lawyer is in possession of property in which two or more persons claim interests, the property shall be kept separate until the dispute is resolved), 1.16(d) (obligations upon termination of the representation), 3.1 (meritorious claims and contentions), 4.2(a) (communication with a person represented by counsel), 8.1(a) (knowingly making a false statement of material fact in connection with a disciplinary matter), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
Respondent answered the formal charges and denied the allegations as written, with the exception of the following facts, which she admitted:
1. Respondent represented Ms. Han-ney in a personal injury case.
2. A contingency fee contract was executed.
3. Prior to settlement, Ms. Hanney terminated respondent on December 14, 2010.
4. Ms. Hanney retained Mr. Simon, who handled the case to its conclusion.
5. Ms. Hanney picked up her file and signed a receipt therefor on December 14, 2010.
6. Represented by Mr. Simon, Ms. Hanney settled her case for $20,000.
7. Thereafter, a dispute arose as to what fee, if any, would be paid by Ms. Hanney to respondent for her services.
8. On April 21, 2011, respondent filed a civil suit against Ms. Hanney to collect attorney’s fees.
h9. On August 25, 2011, after negotiations, respondent’s claim to a fee was compromised and respondent accepted $4,598.50 in settlement of her claims for a fee and expenses.
10. At all times, respondent shows that there was a bona fide dispute as to the quantum of her fee. That dispute was ultimately settled to the satisfaction of all parties and the fee was paid in accordance with the settlement.

Hearing Committee Report

This matter proceeded to a formal hearing on the merits. After considering the *688 evidence and testimony presented at the hearing, the hearing committee found that the facts alleged in the formal charges were proven by clear-and convincing evidence, with the exception of the allegation that respondent made counteroffers to settle Ms. Harney’s personal injury claim without authority. The committee was particularly troubled that respondent (1) refused to endorse or even return Ms. Harney’s settlement check; (2) sent a demand letter directly to Ms. Hanney threatening to sue her for fees knowing she-was represented by other counsel; (3) denied to the ODC that she sent the letter to Ms. Hanney; (4) denied at the hearing that she sent the letter to Ms. Hanney despite clear evidence to the contrary;5 (5) actually sued Ms. Hanney rather than invoke a concur-sus' proceeding, thus depriving Ms. Han-ney of the balance of her recovery which was not disputed; and.(6) demanded more fees than she was contractually entitled to receive.[4]
■■ The committee found respondent knowingly violated duties owed to Ms. Hanney and to the profession. She caused' actual harm to Ms. Hanney by failing to timely endorse the settlement check so that the funds could be disbursed to Ms. Hanney. Additionally, respondent sent communications directly to-Ms. Hanney lleven though she knew Ms. Hanney was represented by Mr. Simon. Respondent then falsely informed the ODC and falsely testified at the hearing that she had not attempted to correspond directly with Ms. Hanney. The applicable baseline sanction in this matter is suspension.
The committee found there are no mitigating factors present. The aggravating factor of prior discipline is present.
Based on these findings, the committee recommended that respondent be suspended from the practice of law for six months, fully deferred, subject to a one-year period of probation. The committee also recommended that respondent be required to attend the LSBA’s Ethics School and an additional hour, of continuing legal education devoted to professionalism for two years.
Both respondent and the ODC filed objections to the hearing committee’s report and recommendation. Respondent objected to some of the committee’s factual findings and legal conclusions, and suggested that the sanction recommended by the committee* was too harsh. The ODC objected to the sanction recommended by the committee as too lenient.'
ORDER OF THE DISCIPLINARY BOARD:
Based on its review of the record, the disciplinary board found that the hearing committee’s factual findings are not manifestly exroneous, with- one exception.- The committee found-that respondent denied sending a letter to Ms, Hanney about the fee dispute while she was represented by Mr. Simon. The board found this finding is erroneous. In her initial response to the complaint, respondent stated that she sent the letter to Mr. Simon, not to Ms. Hanney. At the hearing, respondent testified that if the letter went to Ms. Hanney ■without going to Mr. Simon, it was in error. Thus, the .board found the record does not demonstrate that 17respondent denied sending the letter to Ms. Hanney. Rather, the record indicates that the failure to send Mr. Simon a copy of the letter was an error.
*689 The hoard made the following findings regarding the alleged violations of the Rules of Professional Conduct:
Rules 1.2 and 14 — -The ODC alleges that respondent made offers to settle Ms. Hanney’s personal injury claim without her consent. The committee found- this allegation was not proven by clear and convincing evidence. The board determined that the committee’s conclusion ■ is supported by the record.
Rule 1.15(e) — Rule 1.15(e) states that when a lawyer is in possession of property in which two or more persons claim interests, the property shall be kept separate by the lawyer until the dispute is resolved. The rule also- states that a lawyer shall promptly distribute all portions of the property as-'to which the interests are not in dispute. Here, the ODC alleges and the committee found that respondent violated this rule. However, the board found that the rule is inapplicable to the facts of this matter. Respondent was briefly in possession of Ms. Hanney’s settlement check, during which time she kept the check separate from her own funds and property. This is evidenced-by the fact that respondent returned the original settlement check to Mr. Simon on March 7, 2011. Additionally, while respondent’s conduct prevented the prompt disbursement of the undisputed settlement funds, it was not her obligation to disburse the funds as she was not the attorney for Ms. Hanney at the time of settlement. It. was Mr. Simon’s obligation, as attorney, for Ms. Han-ney, to disburse the funds. Thus, Rule 1.15(e) is inapplicable to the facts of this matter and was not violated by -respondent.
Rule 1.16(d) — Respondent’s \ actions caused an unnecessary delay in Ms. Han-, nej^s receipt of her settlement funds. Mr. Simon settled the matter for Ms. Hanney on or about February 17, 2011. Respondent’s endorsement was required Ron the settlement check because she had asserted a lien to protect, her attorney’s fees. Respondent refused to endorse the check for several, months, which prevented Ms. Han-ney from receiving her funds in a prompt manner. Ms. Hanney did not receive her funds until August 2011. Respondent’s refusal to endorse the check was an attempt to protect her attorney’s fees. However, respondent .could have, protected her fees and still allowed the undisputed portion of the settlement to be disbursed to Ms. Han-ney. Accordingly, the board concluded that the record supports a finding that respondent failéd to protect her client’s interests upon termination of the representation, in violation of Rule 1.16(d).
Rule 3.1 — The ODC alleges and the committee found that respondent’s filing of the April 21, 2011 lawsuit to recover her attorney’s fees was frivolous. The board found this conclusion is erroneous. When the fee dispute initially arose, Mr. Simon attempted to resolve the issue by depositing the money in the court registry and initiating a concursus proceeding. However, respondent’s refusal to endorse the check prevented Mr; Simon from doing so. Respondent claimed that her refusal was based on Mr. Simon’s failure to follow the proper procedure regarding the concursus. In the alternative, respondent attempted to initiate an arbitration of the fee with the LSBA’s Lawyer Fee Dispute' Resolution Program. However, Mr. Simon refused to participate in the arbitration. Upon receiving notice from Mr. Simon that he would not participate in the fee arbitration on April 20, 2011, respondent filed a lawsuit against Ms. Hanney for the attorney’s fees on April 21, 2011. Thus, there was no proceeding that addressed the fee dispute pending at the time respondent filed the lawsuit for fees on April 21, 2011. Respondent had a basis in law and fact that *690 was not frivolous to file the lawsuit. Had a concursus or arbitration been pending at the time of the filing, it could be argued that the lawsuit was frivolous. However, that is not the case. While the lawsuit was not the most efficient solution to the fee dispute and contributed to the Rdelay' in disbursing the funds, the lawsuit was not frivolous within the scope of Rule 3.1. Accordingly, the board found that respondent did not violate Rule 3.1 in this matter.
Rule ⅛.2(a) — Rule 4.2(a) states that a lawyer, in representing a client, shall not communicate about the subject matter of the representation with a person the lawyer knows to be represented by another lawyer in the matter. Here, the board found there is conflicting evidence in the record as to whether respondent communicated or attempted to communicate with Ms. Hanney while she was represented by counsel. However, the record clearly indicates that respondent at least attempted to send Ms. Hanney’s attorney, Mr. Simon, a copy of the letter. In her initial response to the complaint, respondent stated that she did not send the letter to Ms. Hanney. Rather, she sent it to Mr. Simon. At the hearing, respondent testified that if the. letter went to Ms. Hanney without going to Mr. Simon, it was in error. Respondent also testified that she knew Ms. Hanney was represented by Mr. Simon at the time the letter was sent. Considering these facts, the board concluded that no violation of Rule 4.2(a) occurred, as “it appears, at most, a mailing error occurred in Respondent’s office.” Accordingly, the board found that respondent did not violate Rule 4.2(a).
Rules 8.1(a) and 84(c)—Rule 8.1(a) states, in peitinent part, that a lawyer shall not make a knowingly false statement of material fact in connection with a disciplinary matter. Rule 8.4(c) states that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation. The board found the record does not demonstrate that respondent was dishonest regarding the direct communication or attempted communication with Ms. Hanney. Rather, at most, there was an error in transmitting the letter in'question. Accordingly, the board found respondent did not violate Rules 8.1(a) or 8.4(c).
| uRule 84(a)—Rule 8.4(a) states that it is professional misconduct to violate or attempt to violate .the Rules of Professional Conduct. Here, the board found the record does not indicate that respondent intentionally attempted to violate the Rules of Professional Conduct. Rather, she unintentionally prolonged a fee dispute to the detriment of a former client.- Thus, the board found respondent did not violate Rule 8.4(a).
The board found respondent knowingly violated a duty owed to Ms. Hanney. Her misconduct caused harm to Ms. Hanney by delaying the disbursement of the settlement funds for several months. However, the -board found this harm was not significant. Considering the ABA’s Standards for Imposing Lawyer Sanctions, the board determined • that the applicable baseline sanction in this matter is suspension.
In mitigation, the board found respondent lacked a dishonest or selfish motive and demonstrated a cooperative attitude toward the disciplinary proceedings. In aggravation, the board recognized respondent’s prior disciplinary offense.
Turning to the issue of an appropriate sanction, the board analogized respondent’s actions to cases involving a failure to return unearned fees and a failure to protect disputed' fees. In cases principally involving a failure to account for and return unearned fees to one client, the board noted that this court has generally imposed sanctions ranging from public repri *691 mand to suspension.' Given the unique facts of this matter, the board concluded that a public reprimand is appropriate.
Based on this reasoning, the board ordered that respondent be publicly reprimanded. The board further ordered that respondent be assessed with all costs and expenses of these proceedings.
As previously noted, the ODC has appealed the board’s ruling to this court. On August 13, 2015, we ordered the parties to submit briefs addressing the issue of | nwhether the record supports the disciplinary board’s report. Both the ODC and respondent filed briefs in response to our order.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
After reviewing the record of this matter, we disagree with the report and recommendation of the disciplinary board. The findings of the hearing committee were well supported by the record, particularly, with regard to the issue of respondent’s communication with a party represented by counsel.
Although this court is the trier of fact in bar disciplinary cases, it has stated in the past that it is not prepared to disregard the credibility evaluations made by those committee members who were present during respondent’s testimony and who act as the eyes and ears of this court. In re: Bolton, 02-0257 (La.6/21/02), 820 So.2d 548. Respondent wrote a letter addressed to Ms. Hanney and copied to Mr. Simon threatening to sue Ms. Hanney for fees. Respondent denied that she violated the Rules of Professional Conduct in doing so because she did not actually send the-letter to Ms. Hanney and instead sent it to Mr. Simon, or meant to do so. However, Ms, Hanney testified that she received the letter directly from respondent. Mr. Simon testified that he received the .letter from Ms. Hanney and |12did not receive any copy of the letter from respondent. The committee heard all of this testimony and concluded that respondent not only violated the Rules of Professional Conduct by communicating with a party known to be represented by counsel, but her repeated denials that she sent the letter to Ms. Hanney compounded her misconduct. These credibility findings are supported by the record an.d - are not clearly wrong. Based on these facts, we agree with the committee’s determination that respondent violated Rules 4.2(a), 8-1(a), 8.4(a), and 8.4(c) of the Rules of Prpfessional Conduct.
Respondent also violated Rules 1.15(e), 1.16(d), and 3.1 by her mishandling of the dispute over her attorney’s fées. She improperly refused to endorse Ms.' Hanne^s settlement check, which would have enabled Mr. Simon to deposit the check into the registry of the court and invoke a concursus proceeding. By doing so, respondent delayed Ms. Hanney’s 'recovery of her settlement funds to protect her own interests. Respondent also filed a frivolous suit against her client to recover her attorney’s fees. The lawsuit was frivolous because respondent’s actions in failing to endorse the settlement check prevented *692 the prompt resolution of the fee dispute via the concursus proceeding.
Having found evidence of professional misconduct, we now turn to a determination of the appropriaté sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high' standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
| isThe record supports a finding that respondent’s misconduct was knowing and intentional. She caused actual harm to Ms. Hanney. The applicable baseline sanction is suspension.
There are no mitigating factors present. The aggravating factors supported by the record are: a prior disciplinary record, a dishonest or selfish motive, and substantial experience in the practice of law.
Under these circumstances, and particularly considering respondent’s record of prior discipline, we find there is no justification for. a downward deviation from the baseline sanction of suspension. Furthermore, our jurisprudence considering misconduct similar to that at issue in this matter supports an actual period of suspension, as follows:
■ For failing to deposit disputed funds in trust pending the. resolution of a dispute over her attorney’s fees, as well as other misconduct, the attorney in In re: Guste, 12-1434 (La.12/4/12), 118 So.3d 1023, was suspended from the practice of law for two years.
For filing an unnecessary civil suit against his former client, alleging that he had been defamed by her disciplinary complaint against him, the attorney in In re: Raspanti, 08-0954 (La.3/17/09), 8 So.3d 526, was publicly reprimanded.
For communicating with a person known to be represented by counsel, as well as other misconduct, the attorney in In re: Blanche, 10-1132 (La.9/24/10), 44 So.3d 263, was suspended from the practice of law for three years.
Taking these cases together, and considering the aggravating and mitigating factors, we find that an appropriate sanction in this matter is a one-year suspension, with six months deferred, followed by a two-year period of supervised probation during which respondent shall attend Ethics School. We caution respondent that any violation of the conditions of probation, or any misconduct during the 1 probationary period, may be grounds for making the deferred portion of the suspension executory, or imposing additional discipline, as appropriate.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary, board, and considering the record and the briefs filed by the parties, it is ordered that Satrica Williams-Ben-saadat, Louisiana Bar Roll number 26142, be and she hereby is suspended from the practice of law for one year. It is further ordered that six months of the suspension shall be deferred. Following the active portion of the suspension, respondent shall be placed on supervised probation for two years. As a condition of probation, respondent is ordered to attend and successfully complete the Louisiana State Bar Association’s Ethics School. The probationary period shall commence from the *693 date respondent, the ODC, and the probation monitor execute a formal probation plan: Any failure of respondent to comply with the conditions of probation, or any misconduct during the probationary period, may be grounds for making the deferred portion of the suspension executo-ry, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with ■ Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
WEIMER, J., concurs in part, dissents in part and assigns reasons.

. Ms. Hanney’s testimony at the hearing suggests that she actually terminated respondent because she did not believe that the $18,500 settlement offer was adequate.

. Ms. Hanney gave the letter to Mr. Simon after she received it. Mr. Simon confirmed that he received the letter from Ms. Hanney and not from respondent.

. Respondent’s motion sought a dismissal without prejudice. Questioned about this by the hearing committee chair, respondent testi-fled that she filed “a standard motion” and that she did not intend to proceed further against Ms. Hanney.

. The committee did not specifically list the Rules of Professional Conduct which it con-eluded were violated. However, the committee’s findings suggest it found that respondent violated Rules 1.15(e), 1.16(d), 3.1, 4.2(a), 8.1(a), 8.4(a), and 8.4(c), but not Rules 1.2 or 1.4.