PER CURIAM
| ¡This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Lance Hac Nguyen. Mr. Nguyen is licensed to practice law only in Texas; however, the ODC asserts jurisdiction over him in this matter pursuant to Supreme Court Rule XIX, § 6(A) and Rule 8.5 of the Rules of Professional Conduct, which together extend this court’s disciplinary authority to lawyers who provide or offer to provide legal services in Louisiana.
FORMAL CHARGES
On August 12, 2013, respondent was admitted pro hac vice in the United States District Court for the Western District of Louisiana specifically to defend Tyrone Thibeaux in the case captioned United States of America v. Rodriguez, et al. One of Mr. Thibeaux’s co-defendants was Glenn Charles.
On December 12, 2013, during Mr. Charles’ sentencing hearing, the judge learned that respondent had improperly contacted Mr. Charles outside the presence of and without the approval of Mr. Charles’ counsel. The judge then ordered respondent to show cause why he should not be sanctioned for this conduct. During the show cause hearing, respondent admitted he improperly contacted Mr. Charles. On April 11, 2014, the judge sanctioned respondent and referred the matter to the court’s chief judge, as well as the attorney disciplinary authorities in |Texas and Louisiana. On July 23, 2014, the chief judge suspended respondent from the pro hac vice practice of law in the Western District of Louisiana for eight months.
During its ensuing investigation into respondent’s conduct, the ODC made numerous attempts to contact him via telephone, U.S. mail, and FedEx. Respondent failed to respond to all of the ODC’s attempts to contact him.
*670 The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 4.2(a) (unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order, a lawyer in representing a client shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter) and 8.1(c) (failure to cooperate with the ODC in its investigation).
DISCIPLINARY PROCEEDINGS
In March 2016, the ODC filed formal charges against respondent. Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After reviewing the ODC’s deemed admitted submission, the hearing committee found that the factual allegations in the formal charges were deemed admitted and proven by clear and convincing evidence. Based on these facts, thej3 committee determined that respondent violated the Rules of Professional Conduct as charged.
After considering the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined the applicable baseline sanction ranges from suspension to disbarment, In aggravation, the committee found bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency. In mitigation, the committee found the absence of a prior disciplinary record.
After also considering this court’s prior jurisprudence addressing similar misconduct, the committee recommended that respondent be “sanctioned” one year and one day.
Neither respondent nor the ODC filed an objection to the hearing committee’s report.

Disciplinary Board Recommendation

After review, the disciplinary board determined that the factual allegations in the formal charges were deemed admitted and proven. The board also determined that the hearing committee correctly applied the Rules of Professional Conduct to the facts and evidence.
The board then determined that respondent knowingly violated duties owed to the legal system and the legal profession. Respondent caused harm in the form of interrupting Mr. Charles’ sentencing hearing and by causing the judge to hold an additional hearing to determine sanctions for respondent. Respondent’s conduct also caused the potential for significant harm in the form of potentially altering the outcome of Mr. Charles’ criminal proceeding. Finally, respondent’s failure to cooperate with the ODC caused that office to expend additional resources. After] 4 considering the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that the baseline sanction is suspension.
In aggravation, the board found bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency. In mitigation, the committee found the absence of a prior disciplinary record and the imposition of other penalties or sanctions (eight-month suspension from pro hac vice admission in the Western District of Louisiana and participation in a *671 diversion program in the Texas attorney disciplinary system).
After considering this court’s prior jurisprudence addressing similar misconduct, the board determined that a one-year suspension is appropriate. However, the board also noted that, because respondent is not a member of the Louisiana bar, he has no license to suspend. In addressing this issue, the board cited In re: Cortigene, 13-2022 (La. 2/14/14), 144 .So.3d 915, wherein this court held that, when an attorney is not a member of the Louisiana bar, it has the power to enjoin the attorney from “seeking the benefits of a full or limited admission to practice in this State.”
In light of Cortigene, the board recommended that, instead of being suspended from the practice of law, respondent be enjoined from seeking admission to the Louisiana bar in any form, temporary or permanent, for one year.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has | sbeen proven by clear and convincing evidence. In re: Banks, 09-1212 (La. 10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan, 01-3058 (La. 1/10/03), 838 So.2d 715.
The record in this deemed admitted matter supports a finding that respondent, while admitted pro hac vice in the Western District of Louisiana, inappropriately communicated with a criminal defendant without the permission of the defendant’s counsel. Respondent also failed to cooperate with the ODC’s ensuing investigation into his conduct. Based on these facts, respondent has violated the Rules of Professional Conduct as alleged by the ODC.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La. 1984).
LThe record further supports a finding that respondent knowingly violated duties owed to the legal system and the legal profession, causing actual and potential harm. The baseline sanction for this type of misconduct is suspension. The aggravating and mitigating factors found by the *672 disciplinary board are supported by the record.
Turning to the issue of an appropriate sanction, we agree with the board that respondent’s misconduct would warrant a one-year suspension from the practice of law if he were a member of the Louisiana bar. In In re: Williams-Bensaadat, 15-1535 (La. 11/6/15), 181 So.3d 684, an attorney communicated with a party known to be represented by counsel and mishandled a fee dispute. For this misconduct, we suspended the attorney from the practice of law for one year, with six months deferred, followed by a two-year period of supervised probation. In In re: Fahrenholtz, 09-0748 (La. 10/2/09), 18 So.3d 751, an attorney knowingly, if not intentionally, failed to cooperate with the ODC in two investigations and failed to fulfill his professional obligations. For this misconduct, we suspended the attorney from the practice of law for one year and one day. Taken together, this case law indicates a one-year suspension is appropriate for respondent’s misconduct. However, as the board noted, respondent does not have a Louisiana law license to suspend. Nevertheless, based on our holding in In re: Cortigene, 13-2022 (La. 2/14/14), 144 So.3d 915, we may sanction respondent by enjoining him from “seeking the benefits of a full or limited admission to practice in this state.”
Accordingly, we hereby adjudge respondent guilty of conduct that would warrant a one-year suspension from the practice of law if he were a member of our bar. Recognizing that he is not a member of the bar, we order that respondent shall be enjoined for a period of one year from the date of this order from seeking full admission to the Louisiana bar or seeking admission to practice in Louisiana on any temporary or limited basis, including, but not limited to, seeking pro hac vice |7admission before a Louisiana court pursuant to Supreme Court Rule XVII, § 13 or seeking limited admission as an m-house counsel pursuant to Supreme Court Rule XVII, § 14. We will further direct the ODC to report our judgment to all jurisdictions in which respondent is currently admitted.
DECREE
Upon review of the findings and recommendation of the hearing committee and the disciplinary board, and considering the record, it is ordered that Lance Hac Nguyen shall be enjoined for a period of one year from seeking admission to the Louisiana bar or seeking admission to practice in Louisiana on a temporary or limited basis, including, but not limited to, seeking pro hac vice admission before a Louisiana court pursuant to Supreme Court Rule XVII, § 13 or seeking limited admission as an in-house counsel pursuant to Supreme Court Rule XVII, § 14. The Office of Disciplinary Counsel is directed to report this judgment to all jurisdictions in which Mr. Nguyen is currently admitted.
All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.